DAVENPORT a. DOADY.

*Supreme Court, First District; At Circuit, November,* 1856.

MARINE COURT.—ATTACHMENT.—FICTITIOUS NAME.

A defendant cannot be sued by *attachment* in the New York Marine Court, or in a justice's court, under a fictitious name.
Execution issued from the Marine Court must be signed by the clerk of the court in person; and not by deputy.

Trial by the court without a jury.

This was an action in the nature of replevin, brought by Robert H. F. Davenport against Michael Doady. The action was to recover the brig S. D. Horton, which had been levied upon by the defendant, by virtue of an execution issued out of the New York Marine Court.

The facts were that an action had been commenced by Ira S. Elkins, as plaintiff, in the New York Marine Court, by attachment, in which the defendant was named by a fictitious name,—viz., against "John Doe and Richard Roe, owners of the brig S. D. Horton." After the brig was attached, an amendment of the process was made, inserting the name of Davenport, the present plaintiff, as defendant. Judgment was thereafter rendered against Davenport, February 17, 1855, in the action, and an execution issued thereupon, which was levied upon the brig. This levy was the ground of the present action. The execution was not signed by the clerk of the Marine Court, but the name of the clerk was written beneath it by a deputy clerk. The cause was tried before Mr. Justice Gould without a jury. We give only so much of the points and of the decision of the court, as relates to the questions, whether in a suit commenced in the Marine Court by attachment, the defendant may be named by a fictitious name,—and whether the clerk must sign in person.

Davenport a. Doady.

*Gilbert Dean*, for plaintiff.—I. Section 175 of the Code permits a suit to be brought against a defendant by a fictitious name; but only where plaintiff is ignorant of the true name, and so avers. (Crandall *a.* Beach, 7 *How. Pr. R.*, 271; Elliott *a.* Hart, *Ib.*, 25). This section is a portion of Part II., Title 6 of the Code. By section 8, the titles of Part II., excepting only the first four, are made applicable only to actions in the higher courts. Neither the Marine nor the justice's courts are affected by them. As to suits in these courts therefore, the law in respect to suing by a fictitious name, stands as it did before the Code.

II. By the Revised Statutes (2 *Rev. Stats.*, 274, [459 *of* 4 *ed.*] § 282) in a suit commenced in these courts by *summons* or by *warrant*, the defendant might be described by a fictitious name;—but not so in a suit commenced by attachment. (2 *Cow. Tr.*, 584).

III. There was therefore no *judgment*. And as execution can issue only upon a judgment, there is nothing to protect the defendant in his pretended levy.

*Whedon & Davison*, for defendant.

GOULD, J.—after stating his findings as to amount, &c., of plaintiff's claim,

I find that Ira S. Elkins did not on or about February 17, 1855, recover a judgment in the Marine Court of the City of New York against the plaintiff in this action for any amount whatever.

I further find that the instrument offered by the defendant in this action, purporting to be an execution issued out of the Marine Court, on a judgment in favor of Ira S. Elkins against Robert H. F. Davenport, was not an execution, but was void, for the reason that the same was not signed by the clerk of the Marine Court; and that the same is no protection to the defendant because he had notice that the said paper purporting to be an execution was issued when there was no judgment against the defendant named in such pretended execution.