Solinger v. Patrick.

---

DAVID SOLINGER *et al.* Respondents, *against* WILLIAM H. PATRICK *et al.* Appellants.

(Decided January 7th, 1878.)

The statutes giving jurisdiction to District Courts in actions commenced by process of attachment must be strictly followed, or jurisdiction will not be acquired.

An affidavit stating only that the defendant is indebted to the attaching creditor in a sum named "over and above all discounts," is insufficient to sustain the process, and both that and all subsequent proceedings are without jurisdiction. The affidavit should state the amount of the indebtedness "over all payments and set-offs."

*It seems*, that such process of attachment, if issued against defendants, designating them by a fictitious name, would not give the justice jurisdiction.

APPEAL from a judgment, entered upon a verdict of a jury, rendered for plaintiffs at a trial before the justice of the District Court of the city of New York for the Seventh Judicial District Court.

The action was commenced by attachment. The application annexed to the affidavit on which the attachment was

granted designated the persons against whose property the attachment was desired as "John Patrick and Richard Scherer, whose first names are unknown to subscribers." The affidavit designated them as "Patrick and Scherer," and stated that they were indebted to the plaintiffs "in the sum of two hundred and fifty, over and above all discounts which the said Patrick and Scherer have against them," the plaintiffs. On the return day of the attachment, the defendant Scherer appeared specially and moved to dismiss the proceedings, for want of jurisdiction. The motion, which by consent was heard upon an adjourned day, was denied. Both defendants appealed from the judgment, alleging, among other grounds of appeal, the want of jurisdiction.

*James Henderson,* for appellants.

*H. Steinert,* for respondents.

CHARLES P. DALY, Chief Justice.—The motion to vacate the attachment should have been granted. The authority given to the District Court to proceed against a party by attachment is derived from the act of 1831 (L. 1831, pp. 403, 404, 405) and the act of 1857 (L. 1857, Vol. I., pp. 713, 714, c. 344, §§ 20–23); and the authority can be exercised only in the cases, and in the manner provided for in these statutes. By the act of 1857 (§ 21), the party applying must prove by affidavit, to the satisfaction of the court, the amount of his debt or claim, "over all payments and set-offs." All that was stated in the affidavit was, that the defendants were indebted to the plaintiffs in the sum of two hundred and fifty. The word "dollars" was, no doubt, intended to have been inserted; but if it had been, the affidavit would still have been defective, for the want of the averment that the debt or claim was the amount stated, " *over all payments and set-offs.*" The affidavit, which is a printed form, was the one in use under the act of 1831, and follows the words of that act, "over and above all discounts." Whereas, the sub-

sequent act of 1857 changed this language, and requires that the proof by affidavit shall be of the amount of the debt or claim " over all payments and set-offs," and such proof is now necessary to authorize an attachment. The attachment is an original process by which the suit is commenced, and a strict compliance with the requirements of the statutes under which the proceedings are had is necessary to confer jurisdiction. (*Furman* v. *Walter*, 13 How. Pr. 348.) There is a further objection, that no authority is given to the District Courts to issue such attachments against defendants by fictitious names, as was done in this case; but it is unnecessary to dwell on that point, as the affidavit was otherwise defective in not setting forth the amount of the plaintiff's debt or claim, " over all payments and set-offs." Upon such an affidavit, the court had no jurisdiction to issue an attachment. The judgment, embracing the attachment and all proceedings under it, must therefore be reversed.

VAN HOESEN, J., concurred.

Judgment reversed.