JOSEPH PATRICK, Respondent, *against* DAVID SOLINGER *et al.*, Appellants.

(Decided December 1st, 1879.)

Where an attachment issues out of a district court in the city of New York against the property of a person whose first name appears on the face thereof as fictitious, such attachment and all proceedings thereunder are absolutely void, and a marshal who executes such process will be equally liable with the attaching creditor in an action for conversion of the goods levied on; and notwithstanding the evidence clearly shows that the party against whom it was intended to proceed by attachment is the owner of the property taken.

APPEAL from a judgment of the general term of the marine court of the city of New York, reversing a judgment of that court entered upon the verdict of a jury, and granting a new trial.

The action was brought by the plaintiff, as assignee of Ella Patrick and Joseph Scherer, to recover damages for the conversion of goods owned by them, the alleged conversion consisting in the taking of the property by the defendant, John C. Lyst, as marshal, under attachments procured by the defendants, David Solinger and Abraham H. Newburge, in actions in the district court in the city of New York for the seventh judicial district; in one of which actions a judgment for the plaintiffs therein, with the attachment and all proceedings under it, had been reversed upon appeal to this court (see 7 Daly, 408.) The facts appear in the opinion. At the trial of this action in the marine court, the jury found a verdict for the defendants. A motion by the plaintiff for a new trial was denied, and judgment for defendants was entered on the verdict. From the judgment and the order denying a new trial the plaintiff appealed to the general term of the marine court, which reversed the judgment and granted a new trial; and from this determination the defendants appealed to this court.

Patrick *v.* Solinger.

*James M. Smith,* for appellants.

*Samuel Brown,* for respondent.

CHARLES P. DALY, Chief Justice.—The taking of the property by the marshal, Lyst, out of the possession of Ella Patrick and Henry Scherer, the carrying of it away upon the trucks of the defendants, Solinger and Newburge, to their slaughter-house, and the sale of it there by the marshal, was shown on the part of the plaintiff. The defense set up was, that it was taken under attachments granted by a judge of the district court, in favor of the defendants, Solinger and New-burge, one of which was against John Patrick, whose first name, as appeared upon the face of the attachment, was fictitious, and the other against John Patrick and Richard Scherer, whose first names also, as appeared upon the face of the attachment, were fictitious, and that it was sold under these two attachments and two executions, purporting to be issued upon judgments recovered in the suits in which the attachments were granted. The judgment in the suit in which the attachment and execution against John Patrick and Richard Scherer were issued, was reversed in this court, because the attachment by which the suit was commenced, and all the subsequent proceedings, were void, for the reason that the affidavit on which the attachment was granted did not set up facts sufficient to give the judge jurisdiction. As respects the other attachment and execution against John Patrick, it did not appear that any judgment had been recovered to authorize the issuing of the execution under which the property was sold. If the attachments had been regular upon their face, the marshal would have been protected in attaching and taking the property of the defendants named in them; for an officer receiving process, which is regular upon its face, being bound to execute it, is not called upon to inquire, in the case of an execution, whether there is a judgment to warrant it, or in an attachment, whether the affidavit was sufficient to give the judge jurisdiction. But if it appears upon the face of the attachment that it was granted without authority, then the

officer is notified, and, if he acts under it, it will afford him no protection. The rule is thus succinctly stated by MARCY, J., in *Savacool* v. *Boughton* (5 Wend. 172) " where it appears on the face of the process, that the court or magistrate that issued it had not jurisdiction of the subject-matter of the suit, or of the person of the party against whom it is granted, it is void, not only as respects the court or magistrate and the party at whose instance it is sued out, but it affords no protection to the officer who has acted under it," adding the remark, that more strictness is required in justifying under process of courts of limited jurisdiction, and that " when an inferior court exceeds its jurisdiction, its proceedings are entirely void, and afford no protection to the *court*, the *party* or the *officer* who has executed its process.

This was the case here ; both attachments stated that the first names of the persons against whom the attachments were granted were fictitious. The district courts of this city have no authority, and never had, to grant attachments against persons by fictitious names (*McCabe* v. *Doe*, 2 E. D. Smith, 64 ; *Gardner* v. *McKraft*, Daily Register, Feb. 23, 1877 ; *Davenport* v. *Doady*, 3 Abb. Pr. 409 ; *Solinger* v. *Patrick*, 7 Daly, 408). These attachments were therefore absolutely void, together with all proceedings under them, and as this appeared upon the face of them, they afforded no protection to the marshal. In *Davenport* v. *Doady, supra*, in which an attachment was granted in the marine court against John Doe and Richard Roe, owners of the brig S. D. Horton, under which a judgment was recovered, and execution issued, it was held, that the execution was no protection to the officer, because he was notified by it that the paper purporting to be an execution was issued when there was no judgment against the persons John Doe and Richard Roe named in it. This was the case here ; the marshal was notified that the names of the persons against whom the attachments were granted were fictitious : the judgment, therefore, was properly reversed by the general term of the marine court, as these attachments, and the subsequent proceedings, gave no authority to take the property that was seized and sold under them.

It is to be regretted that the defendants, Solinger and New-burge, have lost their remedy against the property through the mistake of bringing an action by attachment in a district court against the real defendant by a fictitious name; for it appears by the evidence, that their debtor was William H. Patrick; that he was the one against whom they meant to proceed, and very clearly, that he was the owner of the property, and that the assumed ownership of it by his wife and Henry Scherer was only a fraudulent cover.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment affirmed.