## MERRITT *vs*. READ & PEARSALL.

A magistrate who issues void process, is liable for the injury inflicted upon the party against whom it issued, only where it is executed according to its mandate.

Accordingly, where a justice of the peace issued an attachment without jurisdiction, directed, according to the statute, to any constable of the county, but the party who sued it out placed it in the hands of a *deputy sheriff*, with directions to execute it, which he accordingly did; *held*, in trespass by the party against whom it issued, that the justice was not liable.

TRESPASS for taking a horse, tried at the Westchester circuit, in November, 1844, before RUGGLES, late Cir. J.

The defendant Read as a justice of the peace, on the application of Pearsall, the other defendant, issued an attachment against the plaintiff, assuming to do it under the act to abolish imprisonment for debt, on the ground that the plaintiff had disposed of his property with intent to defraud his creditors; but he neglected to take any bond, and the affidavit was fatally defective. Pearsall, the plaintiff in the attachment, delivered it to Tyler, who was a *deputy sheriff* and not a constable, with directions to execute it. Tyler took the horse from the plaintiff but never made any return to the attachment. There was some evidence that Pearsall claimed title to the horse, by which it might be inferred that he took this method of getting it into his possession. It was never returned to the plaintiff. The attachment was produced and given in evidence by the plaintiff. It was directed " To any constable *or sheriff* of said county ;" but Tyler swore that when he received it from Pearsall, the words *or sheriff* were not contained in it; but he declined to say when or by whom they were inserted. It was shown that the defendant Read had said that the attachment had been served by Tyler as a deputy sheriff, but he added that the direction to the sheriff was inserted after it had passed out of his, Read's, hands.

It does not appear that any question was made to the court; but the defendant's counsel insisted to the jury that Read was in no way a party to the trespass, the attachment not having been executed by a constable, to whom, alone, it was addressed.

Verdict for the plaintiff against both defendants. A motion was made for a new trial on a case.

*M. T. Reynolds*, for the defendants.

*J. W. Tompkins*, for the plaintiff.

*By the Court*, McKissock, J. There was no question on the evidence but that the plaintiff owned the horse. He purchased him of the defendant Pearsoll, and there was no ground for saying that the title did not pass, because a payment was not made as had been agreed.

This brings us to the only question worthy of consideration in the case. Can the verdict against Read be sustained ? He neglected to take the bond of the plaintiff in the attachment as prescribed by the statute. The preliminary affidavit was also defective in not stating the facts and circumstances to show that Merritt was about to dispose of his property to defraud his creditors. For each of these causes he failed to acquire jurisdiction in the case, and the attachment was therefore void, and he and the plaintiff would have been trespassers for taking the defendant's property had it been taken according to the directions of the precept. (1 *Cowen's Tr.* 535 ; *Smith* v. *Luce,* 14 *Wend.* 237.) The reason of the liability of the justice is, that having issued process without authority of law, he has given a personal direction or request to do the acts which the process directs to be done. This responsibility must therefore be limited to such acts as are done according to the mandate of the instrument. In determining whether the acts which were done were in pursuance of the process, the same considerations are applicable, which would have belonged to the case, had the process been entirely legal. Thus, it will be considered a command to attach, and not to sell property ; to attach the property of the defendant and not of another. It is a direction to the particular officer or class of officers named, and not to a different one ; and if a person not mentioned or referred to in it, undertake to execute it, he is considered not only

as having voluntered but as having intruded to act officiously, without the consent of the magistrate and against his express direction, as contained in the process. The doings of one so volunteering are by no legal intendment the acts of the magistrate, as they were not performed by his assent, counsel or procurement. The counsel for the plaintiff was therefore mistaken, when he argued that the issuing of the attachment was the remote cause of the trespass, and that the defendant Read was liable, whoever executed the illegal mandate.

The defendant's counsel insists that the verdict is against evidence, as there was no proof either in the attachment or otherwise to charge Read with its execution. The attachment was executed by a deputy sheriff and not by a constable, and when produced on the trial it was directed " to any constable or the sheriff of Westchester county ;" yet it was shown beyond all doubt, the words " or sheriff" were not in it when issued and delivered to the defendant Pearsall, plaintiff in the attachment, nor till after the time it was delivered by him to the deputy sheriff. Neither is there a shadow of evidence that Read had any connection directly or indirectly with their insertion, or with the execution of the process by the deputy, or that he ever received it officially on its return after its execution. In fact, it never was returned by the officer. Neither was there any evidence when, or by whom, the words " or sheriff" were inserted. It is however argued, that Read acquiesced in and adopted the act of the deputy. That is a misapprehension. The whole of the evidence on that point is, that some time after the affair, he said that the deputy had executed the process and that it had been altered by inserting the words " or sheriff" after it was issued. That was neither an acquiescence in nor an adoption of the act. It was simply mentioning the then well known facts, that the deputy had served the paper, and that it had been directed to the sheriff, as well as to any constable of the county of Westchester. I am totally at a loss to perceive on what ground the jury found Read guilty, unless they were under the impression that having issued a void process he was responsible for whatever might be done upon pre .

tence of it by any person whatever ; a proposition totally unte-
nable, as has already been shown. The verdict against Read
is manifestly contrary to evidence, and there must be a new
trial on that account.

New trial granted.