The President, Managers and Company of the Delaware and Hudson Canal Company, Appellant, *v.* Alanson B. Atkins, as Collector, etc., Respondent.

In an action to restrain a collector of taxes from collecting a tax levied and assessed upon plaintiff's property and to have the assessment declared void, the complaint alleged that the assessment was out of due proportion and too large in its valuation, and was void for the reason that the persons who assumed to make it were not assessors at all, either *de jure* or *de facto*. *Held*, that the action was not maintainable, both because public policy would not warrant such an interference with the process of taxation, and because ample remedies existed at law.

*It seems*, that for the first wrong complained of a certiorari is an entirely adequate remedy, and for the other an action against the collector for executing a warrant void on its face.

Reported below, 48 Hun, 456.

(Argued April 15, 1890; decided April 22, 1890.)

Appeal from order of the General Term of the Supreme Court in the third judicial department, made May 17, 1888, which denied a motion for a new trial and ordered judgment for defendant on exceptions directed to be heard at first instance at General Term.

This action was brought to restrain a collector of taxes from collecting a tax assessed and levied upon plaintiff's property and to have the assessment declared void.

The complaint alleged that the assessment was too large in its valuation and out of due proportion, and that it was void because Parker and Courtright, who assumed to make it, were not assessors *de jure* or *de facto*.

*Peter Cantine* for appellant. The complaint sets forth a good cause of action. The plaintiff, on the facts therein contained, was entitled to the relief demanded. (*Bank* v. *Mayor, etc.*, 43 N. Y. 186.) Parker was not an assessor *de facto* or *de jure*. (1 R. S. 808, §§ 3, 5; Laws of 1845, chap. 180; Laws of 1850, chap. 53; *People* v. *Adams*, 9 Wend. 333;

*Demarest* v. *Wickham*, 67 Barb. 312; *People ex rel.* v. *Terry*, 42 Hun, 273; *People* v. *Albertson*, 8 How. Pr. 363; *Boardman* v. *Holliday*, 11 Paige, 232; *R. & G. V. R. R. Co.* v. *C. N. Bank*, 60 Barb. 248; *Cronin* v. *Grundy*, 16 Hun, 520; *Olmsted* v. *Dennis*, 77 N. Y. 378.) William W. Courtright, one of the assessors, moved out of the town on the 10th day of August, 1886. This created a vacancy and that left Bogart the only assessor. (1 R. S. 843, 844, §§ 2, 4.) The acts required of the assessors by the statute were not performed. (2 R. S. [7th ed.] 990, 992, 993, 994, §§ 6, 7, 8, 19, 20, 27; Laws of 1880, chap. 269.) The statute must be strictly construed for the protection of citizens. (*People* v. *Bd. Suprs.*, 11 N. Y. 571; *Westfall* v. *Preston*, 49 id. 353, 355; *Bellinger* v. *Gray*, 51 id. 610, 611, 620; *People* v. *Suffern*, 68 id. 321, 326, 328; *N. Bk.* v. *City of Elmira*, 53 id. 59; *Brevoort* v. *City of Brooklyn*, 89 id. 128, 132; *Merritt* v. *Vil. of Port Chester*, 71 id. 309; *Inman, etc.*, v. *Cole*, 37 Hun, 170, 172; *Hinckley* v. *Cooper*, 22 id. 253; *Beach* v. *Hayes*, 58 How. Pr. 17; *Overay* v. *Foot*, 65 N. Y. 263; 96 id. 544; *In re Merriam*, 84 id. 608, 609; *Doughty* v. *Hope*, 1 id. 79; *Lee* v. *Perry*, 4 Denio, 125; *Perry* v. *Tyren*, 22 Barb. 137; *In re Anderson*, 60 N. Y. 457; *Lamoreaux* v. *O'Rourk*, 3 Abb Ct. App. Dec. 15; *Wheeler* v. *Miller*, 40 Barb. 644; *People ex rel.* v. *Forrest*, 96 N. Y. 544.) Action to restrain a sale of real estate for an unpaid tax is maintainable where the assessment and proceedings do not disclose any defects and proof *aliunde* is required to show it. (*Hatch* v. *City of Buffalo*, 38 N. Y. 276; *Beach* v. *Hayes*, 58 How. Pr. 17; *Averell* v. *Day*, 26 Hun, 319; *T. G. Sem.* v. *Cramer*, Id. 309; *Merritt* v. *Vil. of Port Chester*, 71 N. Y. 309; *Newell* v. *Wheeler*, 48 id. 486; *Crooke* v. *Andrews*, 40 id. 547.) The facts established the right of plaintiff to the relief asked for. (*May* v. *Cummings*, 44 Mich. 361; *Van Rensselaer* v. *Whitlock*, 7 N. Y. 517; *N. E. Co.* v. *McNamara*, 50 id. 653.) An assessor, in all things and acts in the discharge of his duty, is a judicial officer, and is shielded as such from personal liability on account of his acts. (*Foster* v. *Van Wyck*, 2 Abb. Ct. App.

Dec. 167; *Barhyte* v. *Shepherd*, 35 N. Y. 238; *Williams* v. *Weaver*, 75 id. 30; *B. & S. L. R. R. Co.* v. *Suprs., etc.*, 48 id. 93.) If the tax is collected, no action lies to recover it back from the county. (*Swift* v. *City of Poughkeepsie*, 37 N. Y. 511; *B. & S. L. R. R. Co.* v. *Suprs., etc.*, 48 id. 93; *Lorrilard* v. *Town of Monroe*, 11 id. 392; 2 R. S. 996, § 37.) An assessment made by two of three assessors — the third not having been consulted — is absolutely void. (*Dougherty* v. *Hope*, 3 Den. 594; *Waters* v. *City of Lapur*, 40 Mich. 654.) The United States courts grant injunctions for like relief sought in this action. (*Hills* v. *Exchange Bank*, 105 U. S. 391; 1 Desty on Tax. 390, 391.)

*John F. Anderson* for respondent. No action will lie to restrain the collection of a tax on the sole ground that the assessment was illegal. (*Heywood* v. *City of Buffalo*, 14 N. Y. 534; *S. Bk.* v. *Suprs., etc.*, 25 id. 312; *Mayor, etc.*, v. *Meserole*, 26 Wend. 132; *W. R. R. Co.* v. *Nolan*, 48 N. Y. 513; *Messeck* v. *Suprs., etc.*, 50 Barb. 190; *M. B. L. Ins. Co.* v. *Suprs., etc.*, 3 Keyes, 182; 3 Abb. Ct. App. Dec. 344; 33 Barb. 322; 8 Bosw. 682; *Livingston* v. *Hollenbeck*, 4 Barb. 9; *Van Rensselaer* v. *Kidd*, Id. 17.) The plaintiff had a remedy at law, by common-law certiorari, to review the acts of the assessors, or by mandamus to compel the assessment to be stricken from the roll before the tax was levied, or by an appropriate action against the assessors in the nature of a quo warranto. And if the assessors were acting without authority and were usurpers, as alleged, then the plaintiff still has an action against them to recover the damages. (*L. Ins. Co.* v. *Bd. Suprs.*, 3 Keyes, 183; *S. Bank* v. *Bd. Suprs.*, 25 N. Y. 315; *Clark* v. *Norton*, 49 id. 243; *Bailey* v. *Buel*, 58 Barb. 158; *Hasbrook* v. *Bd. Health*, 3 Keyes, 480; *W. R. R. Co.* v. *Nolan*, 48 N. Y. 513; *Betts* v. *Williamsburg*, 15 Barb. 285; *People ex rel.* v. *Bd. Assrs.*, 40 N. Y. 154.) An injunction will not be granted where the party has an ample remedy at law. (*Blake* v. *City of Brooklyn*, 26 Barb. 203; *Taylor* v. *Brookman*, 45 id. 106; *Glashua* v. *F. C. N. Bk.*, 1 Hun,

573; *People ex rel.* v. *Fleming,* 7 id. 608; *Lutes* v. *Briggs,* 64 N. Y. 404.) To enable the plaintiff to maintain this action he must bring his case within some one of the acknowledged heads of equity jurisdiction. (*Bank* v. *Suprs.,* 25 N. Y. 314; *Hatch* v. *Buffalo,* 38 id. 276; *Hanlan* v. *Suprs., etc.,* 57 Barb. 383; *L. Ins. Co.* v. *Suprs., etc.,* 4 Duer, 192; *Betts* v. *Williamsburgh,* 15 Barb. 255; Laws of 1877, chap. 194, §§ 2, 11.) The title to the office of assessor cannot be tried in this collateral action against the collector. (Code Civ. Pro. §§ 1948, 1984; *People* v. *Cook,* 14 Barb. 259; *People ex rel.* v. *Walter,* 68 N. Y. 403.) The assessment complained of was legalized by chapter 632 of the Laws of 1887. The legislature had the power to authorize one assessor to make the assessments, and the power to authorize him to verify the assessment-roll after he had removed from the town, after having completed the assessment-roll, or it could dispense with the affidavit entirely and still make the assessment legal. (*Flower* v. *Bleckwhen,* 27 N. Y. S. R. 593; *Ensign* v. *Raise,* 107 N. Y. 329.) The granting of an additional allowance in a proper case is wholly in the discretion of the Supreme Court. (*Morss* v. *Hasbrouck,* 13 Wkly. Dig. 383.)

Finch, J. Judgment was ordered for the defendant upon the case made by the complaint, and assuming the truth of all its allegations of fact. It sought equitable relief only, and asked that the defendant, who was collector of taxes, be restrained from collecting the tax assessed against the plaintiff company, and that such assessment be declared null and void. Such an injunction was the one essential and vital element of the relief sought, without which the action could furnish no remedy for the right alleged to have been invaded. As a general rule such an action cannot be maintained for the double reason that public policy will not sanction that sort of interference with the process of taxation, and that ample remedies exist at law. (*Western R. R. Co.* v. *Nolan,* 48 N. Y. 513.) The complaint alleges two wrongs suffered by the plaintiff company, which were that the assessment made was

out of due proportion, and too large in its valuation, and that the assessment itself was null and void because Parker and Courtright, who assumed to make it, were not assessors at all, either *de jure* or *de facto*. For the first wrong the remedy by certiorari is entirely adequate, and has been shaped by the statute to meet exactly such an emergency. The remedy for the other wrong was an action against the collector for seizing the personal property of the plaintiff company upon a warrant void on its face; for if Parker and Courtright were neither assessors *de jure* nor *de facto*, and so merely strangers and trespassers, their signatures could afford no protection, and there could be no valid assessment-roll. In either view there was no necessity for equitable interference, and the general rule must prevail.

The judgment should be affirmed, with costs.

All concur except PECKHAM, J., not sitting.

Judgment affirmed.