United Lines Telegraph Company, Appellant, *v.* Hugh J. Grant, Sheriff, etc., Respondent.

Where the property of a citizen is seized under and pursuant to process, issued by a state officer, acting under a statute unconstitutional and so, void, the officer is liable as a trespasser.

Where the process on its face recites the authority upon which it was issued and so discloses that the officer issuing it had no jurisdiciton, it is no protection to the officer executing it, and he also is liable as a trespasser.

In an action to restrain a sheriff from executing a warrant issued by the comptroller of the state to enforce payment of an assessment imposed on plaintiff under the act of 1884 (Chap. 534) and of 1885 (Chap. 499, as amended by chap. 503, Laws of 1886), for its share of the expense of building a subway under the streets of the city of New York, for electric wires, the complaint alleged that said acts were unconstitutional; also that, if constitutional, the assessment was not made as prescribed, but that the provisions of the acts were materially disregarded. The complaint was dismissed. *Held*, no error, as the remedy at law was adequate; that if said statutes were unconstitutional, not only the comptroller issuing the warrant but the sheriff also would be liable for a seizure thereunder; if said statutes were constitutional and the assessment was not lawfully and regularly made under them, plaintiff has an ample and sufficient remedy by certiorari.

*Hallock* v. *Dominy* (69 N. Y. 239); *Woolsey* v. *Morris* (96 id. 311), distinguished.

Also *held*, the fact that the state could not be sued for a restoration of the money collected was not material.

*Woolsey* v. *Dodge* (6 McLean 142), distinguished.

(Argued December 19, 1892; decided January 17, 1893.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 7, 1892, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Andrew Wesley Kent* for appellant. The acts of 1885 and 1886, so far as they attempt to authorize the imposition and apportionment of assessments, are void. They violate the

constitutional provision that no person shall be deprived of property without due process of law. (*Stuart* v. *Palmer*, 74 N. Y. 183 ; *Remsen* v. *Wheeler*, 105 id. 573 ; *McLoughlin* v. *Miller*, 124 id. 517 ; *Lennon* v. *Mayor, etc.*, 55 id. 361 ; *People* v. *Turner*, 117 id. 237 ; *N. Bank* v. *Kimball*, 103 U. S. 732 ; *L. W. Co.* v. *Clark*, 143 id. 1.) The comptroller illegally exercised the powers conferred upon him by the acts. (*Elwood* v. *City of Rochester*, 122 N. Y. 229.) Plaintiff had no adequate remedy at law. ( *Wheeler* v. *Bedford*, 54 Conn. 244 ; *Trimmer* v. *City of Rochester*, 130 N. Y. 405 ; *Woolsey* v. *Morris*, 96 id. 315 ; *Livingston* v. *Hallenback*, 4 Barb. 9 ; *Hyatt* v. *Bates*, 40 N. Y. 167 ; *Mayor, etc.*, v. *Davenport*, 92 id. 613.) The writ of certiorari is inapplicable. (*People* v. *Parker*, 117 N. Y. 86 ; *U. S. Co.* v. *City of Buffalo*, 82 id. 351 ; *People* v. *Dunkirk*, 38 Hun, 7.) The writ of certiorari is inadequate. (102 N. Y. 631 ; *Bank* v. *City of Elmira*, 53 id. 59 ; *A. Bank* v. *Mahler*, 9 Fed. Rep. 884.) The proper remedy is an action to restrain the collecting officer. (*Osborn* v. *U. S. Bank*, 9 Wheat. 738 ; *Foote* v. *Linck*, 5 McL. 616 ; *Lennon* v. *Mayor, etc.*, 55 N. Y. 361 ; *Bristol* v. *Johnson*, 34 Mich. 123 ; *Gage* v. *Graham*, 57 Ill. 144 ; *Allwood* v. *Cowen*, 111 id. 481.)

*S. W. Rosendale, Attorney-General*, for respondent. As adequate remedies are provided by law, an action for an injunction will not lie. (Code Crim. Pro. § 2140 ; *D. & H. C. Co.* v. *Atkins*, 121 N. Y. 246 ; *People* v. *Zoll*, 97 id. 208 ; *Murray* v. *Graham*, 6 Paige, 622 ; *M. B. Ins. Co.* v. *New York*, 3 Keyes, 182 ; *Guest* v. *City of Brooklyn*, 69 N. Y. 506.) The plaintiff has not brought this action within any acknowledged head of equity jurisdiction. ( *W. R. R. Co.* v. *Nolan*, 48 N. Y. 513 ; *W. R. R. Co.* v. *Smith*, 101 id. 684 ; *D. & H. C. Co.* v. *Atkins*, 121 id. 246 ; *Milwaukee* v. *Koeffler*, 116 U. S. 219.) The statutes, chapter 499 of the Laws of 1885, as amended by chapter 503 of the Laws of 1886, and chapter 330 of the Laws of 1886, are not unconstitutional. (*People ex rel.* v. *Squire*, 107 N. Y. 593 ; 145 U. S. 175 ; *A.*

*R. T. Co.* v. *Hess*, 125 id. 641; *R. R. Co.* v. *Gibbs*, 142 U. S. 386.) The comptroller had authority, and it was his duty, to make the assessment immediately after the passage of chapter 330 of the Laws of 1886. There is no merit in the contention of the plaintiff that the statute of 1885 and 1886 were unconstitutional because, in effect, they deprived plaintiff of property without due process of law. (Cooley on Taxation [2d ed.], chap. 19; *In re De Peyster*, 80 N. Y. 565; *In re Lowden*, 89 id. 548; *McMahon* v. *Palmer*, 102 id. 176; *People* v. *McCarthy*, Id. 643; *Sturges* v. *Carter*, 114 U. S. 511; *Hager* v. *Reclamation Dist.*, 111 U. S. 701–710; *Davidson* v. *City of New Orleans*, 96 id. 102; *Wallston* v. *Nevin*, 128 id. 578, 582; *Happeld* v. *City of Buffalo*, 130 N. Y. 387; *Palmer* v. *McMahon*, 133 U. S. 669.) The assessment was not illegal or erroneous because the wires of the corporation of the city of New York were not considered by the comptroller in determining or apportioning the assessment. (*M. Bank* v. *New York*, 121 U. S. 138.) The comptroller properly apportions the moneys to be raised by cities. (*Genet* v. *City of Brooklyn*, 99 N. Y. 306; *Spencer* v. *Merchant*, 100 id. 585; 125 U. S. 345; *State* v. *County of Kings*, 125 N. Y. 320; *In re Lowden*, 89 id. 548.) The plaintiff cannot maintain an action against the sheriff because of any alleged error or want of authority on the part of the comptroller in making the assessment. (*Livingston* v. *Hallenbeck*, 4 Barb. 9; *Hyatt* v. *Bates*, 40 N. Y. 164, 167; *Mayor, etc.,* v. *Davenport*, 92 id. 613; *Louisiana* v. *Jumel*, 107 U. S. 711.)

Finch, J. This action was brought in equity to obtain an injunction restraining the sheriff of the city and county of New York from executing a warrant of collection issued by the comptroller of the state to enforce the payment of an assessment imposed upon the plaintiff under and by virtue of the act of 1884 (Chap. 534), and that of 1885 (Chap. 499), amended in 1886 (Chap. 503). The assessment was for the plaintiff's share of the expenses incurred in building a subway under the streets of the city, and placing therein the electric wires which

overhang such streets and imperil the safety of the people. The complaint has two aspects. It alleges, first, that the statutes whose authority was invoked are unconstitutional; and second, that if not, their directions have been materially disregarded in the action taken under them, and the grounds on which equitable relief is sought are that there is no adequate remedy at law, that a collection of the warrant, as threatened, will produce an irreparable injury to the plaintiff's business, and that the money, when collected and paid into the treasury of the state, cannot be recovered back. The complaint was dismissed, and that judgment has been affirmed by the General Term.

I think the decision was right. There was an adequate remedy at law, and no sufficient ground for the demand of equitable relief. If the subway statutes are unconstitutional, they are null and void for every purpose, and simply do not exist as authority for any act, and the plaintiff may resist, in the ordinary way, any trespasser who interferes with its property. There is no such authority in a state officer as to protect him from the fate of a trespasser when he directs the seizure of the citizen's property without the shadow of a legal right, and he is no more safe when he acts under a void statute than when he acts without any. Where he has an authority but deviates from it erroneously, and when acting judicially, he has protection, but he cannot act judicially where he has no authority to act at all. In *Merritt* v. *Read* (5 Denio, 352) the liability of an officer issuing process absolutely void was explicitly and fully recognized, and in *Bellinger* v. *Gray* (51 N. Y. 610) we held a supervisor liable as a trespasser for issuing an illegal and unauthorized tax warrant.

Not only the comptroller issuing the void process, but the sheriff also would have been liable for a seizure of the plaintiff's property. The protection given to the collecting officer is where his process emanates from a competent judicial authority and is regular on its face. He is not bound to look beyond it and may assume its validity. But the comptroller has no general judicial authority so as to bring his warrant

within the rule of *Hullock* v. *Dominy* (69 N. Y. 239), where the officer was protected under process regular on its face, although the law under which it was issued was unconstitutional because the magistrate had a general judicial authority. Here the warrant was void on its face if plaintiff's theory is correct. It recites in terms the authority upon which it was founded, as being the act in question, and the comptroller had no general judicial power under which to pronounce it constitutional. No law made him the judge of that question. In *Patrick* v. *Solinger* (9 Daly, 151) the rule was correctly stated that when it appears on the face of the process that the court or officer issuing it had not jurisdiction of the subject-matter of the suit, and of the person of the party it is void not only as against the court or magistrate and party suing it out, but affords no protection to the officer. In *Woolsey* v. *Morris* (96 N. Y. 311) the officer was protected because some of his process was valid and he could justify a mere levy under that. Here the process issued to the sheriff was void on its face, if the authority which it recited was merely an unconstitutional law, and where the process is so void it gives no protection to the officer. (*Van Rensselaer* v. *Witbeck*, 7 N. Y. 517.) Beyond that, if the plaintiff's property should be sold on the warrant the purchaser would get no title unless he could show constitutional authority for the issue of the warrant, and the plaintiff by replevin or action of trespass could retain his property or recover its value, and the action would bring up the precise question of the constitutionality of the acts assailed. (*Lennon* v. *Mayor, etc.*, 55 N. Y. 361.) There was thus a complete and adequate remedy at law. Nothing in the complaint or in the facts shows that the mere collection of the warrant would be an irreparable injury to the plaintiff's business. To hold that would be to expose every execution to an injunction. Nor is it of any consequence if the state could not be sued for a restoration of the money collected. The cases in the Federal Circuit Court, of which *Woolsey* v. *Dodge* (6 McLean, 142), is an example, in which injunctions were issued to restrain the collection of a tax

imposed by an unconstitutional law, went distinctly upon the ground that the levy would be an annually occurring grievance until the state law should be repealed and involve a multitude of suits at law. Nothing of the kind exists·here. The assessment is not a tax, nor is there any collision between state and federal adjudication to complicate the situation. Assuming, therefore, what we are very far from admitting (*People ex rel.* v. *Squire*, 107 N. Y. 593, 145 U. S. 175), that the acts assailed were unconstitutional and void, no case was made for equitable relief.

As it respects the second ground of the action, which concedes the constitutional validity of the statutes, but urges that the officer disobeyed and varied from their terms, and did not lawfully and regularly make the assessment, it is sufficient to say that the plaintiff had an ample and sufficient remedy by certiorari. (Code, § 2140 ; *Mayor, etc.*, v. *Davenport*, 92 N. Y. 604 ; *D. & H. Canal Co.* v. *Atkins*, 121 N. Y. 246.) It is no answer to urge that the allowance of the writ is discretionary. That discretion is not arbitrary and it must be assumed that the writ will always issue where there is a proper subject for review.

There was no sufficient ground for a suit in equity and the complaint was properly dismissed.

The judgment should be affirmed with costs.

All concur, except Maynard, J., not sitting.

Judgment affirmed.