(7 Misc. Rep. 198.)

### NORRIS v. JONES et al.

(Supreme Court, Special Term, Yates County. December, 1893.)

1. REPLEVIN—PROPERTY TAKEN UNDER TAX WARRANT—AFFIDAVIT.
   Code Civil Proc. § 1695, subd. 4, provides that, in replevin for goods taken under a tax warrant, plaintiff must deliver to the sheriff an affidavit alleging "that the taking was unlawful by reason of defects in the process, or other causes specified." *Held,* that an affidavit is insufficient, as stating a mere conclusion, where it alleges that the process was defective, in that the tax contained moneys which were not legally chargeable, but does not state what moneys were improperly included.

2. SAME—IRREGULARITIES—EXCESSIVE ASSESSMENT.
   A school trustee, being authorized to make an assessment for moneys expended by him, (Laws 1886, c. 292,) acquires jurisdiction of the persons assessed in performance of such duty, and an excessive assessment is not void on that ground, but is merely irregular.

Action by Thomas R. Norris against Herbert A. Jones and Josephine E. Jones to recover property taken under a school-tax warrant. Complaint dismissed.

Briggs & Sunderlin, for plaintiff.
M. Fiero and John Gillette, for defendants.

DAVY, J. It appears, from the undisputed evidence taken upon the trial in this case, that the defendant Herbert A. Jones was

duly elected trustee of school district No. 2 in the town of Milo, in the county of Yates, for the year 1893; that on the 2d day of March of that year he made out an annual tax list for said school district, and attached thereto his warrant for the collection of the school-district taxes, and delivered the tax list and warrant to the defendant Josephine E. Jones, who was the duly-appointed collector for the school district. After she received the tax list and warrant. she called upon the plaintiff, and demanded the payment of his tax, which amounted to $15.38, which he refused to pay. On the 30th day of March, 1893, she duly levied upon personal property belonging to him to satisfy said tax. The property was at once replevied by the plaintiff; and the question now arises whether the action of replevin can be maintained.

The plaintiff contends that the Code of Civil Procedure (sections 1690–1695) authorized the bringing of this action to replevy his goods, because the assessment was for a larger sum than the trustee was authorized by law to make. Section 1690 provides that an action to recover a chattel cannot be maintained when the chattel was taken by virtue of a warrant against the plaintiff for the collection of a tax assessment or fine issued in pursuance of any statute of the state or of the United States, unless the taking was, or the detention is, unlawful, as specified in section 1695. Subdivision 4 of that section provides that the affidavit to be delivered to the sheriff must particularly describe the property to be replevied, and must state that it has not been taken by virtue of a warrant against the plaintiff for the collection of a tax assessment or fine issued in pursuance of a statute of the state or of the United States, or, if it has been taken under color of such warrant, either that the taking was unlawful by reason of defects in the process or other cause specified, or that the detention is unlawful by reason of facts specified, which have subsequently occurred. The affidavit which was delivered to the sheriff states that the taking and detention of plaintiff's property was unlawful by reason of the following defects in the process, to wit:

"The said tax contains moneys to be raised thereby which were not legally, properly, and justly chargeable to said district. It also alleges that the defendants were not legally competent to hold the offices, as claimed by them."

The affidavit was wholly insufficient to authorize the taking of the property from the collector. It did not state any facts showing that the taking of the property was unlawful by reason of any defects in the process, or by reason of facts which had subsequently occurred. The allegation is but a mere legal conclusion. Talcott v. City of Buffalo, 125 N. Y. 280, 26 N. E. 263; Emery v. Baltz, 94 N. Y. 408. It should have specified or stated what moneys were included in the assessment that were not legally chargeable to the district, so that the court could determine, from the facts alleged, whether the taking was unlawful or not. The provision of the Code upon this point is imperative, and any attempt to evade its letter or spirit will be regarded as an attempt to evade one of the vital prerequisites of the issuing of the writ.

Assuming that a portion of the tax was unauthorized, that fact

would not, in my opinion, make the taking of the property by the collector unlawful, providing the trustee had jurisdiction of the subject-matter, and authority to issue the tax warrant. The trustee of every school district in this state is authorized by law to expend, in the necessary and proper repairs of the schoolhouse under his charge, a sum not exceeding $20 in any one year; and he may also expend a sum not exceeding $50 in the erection of necessary outbuildings, when authorized by the school commissioner or the superintendent of public instruction; he is also authorized to make repairs and abate any nuisance, and provide fuel, pails, brooms, and other implements necessary to keep the school clean, and make it reasonably comfortable for use; he may also provide for building fires and cleaning the schoolroom, and he may expend for books a sum not exceeding $15,—all of which shall be a charge upon the district. When the trustee is required or authorized by law to incur any expense for school purposes, the statute makes it a charge upon the district, and he may raise the amount thereof by tax in the same manner as if a definite sum to be raised had been voted by a district meeting. Laws 1886, c. 292, § 1; 1 Birdsey's Rev. St. p. 565, §§ 135, 136. The statute also provides that the trustee's warrant for the collection of the district tax shall have the like force and effect as a warrant issued by a board of supervisors to a collector of taxes in a town; and the collector to whom it is delivered for collection shall be thereby authorized and required to collect, from every person in such tax list named, the sum set opposite to his name, in the same manner as collectors are authorized to collect town and county taxes. Laws 1867, c. 406, § 18; 1 Birdsey's Rev. St. p. 570, § 164. The laws seem to be quite uniform in all the states that goods seized on legal process for the collection of a tax by a tribunal having jurisdiction of the subject-matter and of the person cannot be retaken from the officer by a writ of replevin, even though the warrant may have issued erroneously or irregularly. This rule is founded upon the necessity for the prompt collection of the public revenue. The remedy afforded the individual, by law, in this state, whose property is seized to satisfy a tax levied under an unconstitutional law, or levied without authority or jurisdiction to levy it, is clear. He may bring replevin for his property seized to satisfy such tax, or he may, in a proper action, make the collector, or those under whose direction he acts, personally liable for the damages resulting to him by reason of such tax. The warrant in this case was in the form prescribed and adopted by the department of public instruction, and used in the school districts throughout the state. It contains all the requirements prescribed by law. Code Pub. Instr. 1887, p. 331. The tax list was attached to the warrant, and contained a list of the names of the taxable inhabitants of the district, and the items for which the tax was imposed. There was nothing upon the face of these papers to notify the collector of the alleged irregularity, and hence it was her duty to execute the warrant. Railroad Co. v. Roach, 80 N. Y. 340; Hersee v. Porter, 100 N. Y. 410, 3 N. E. 338; Elevating Co. v. McNamara, 50 N. Y. 653, 654; Railroad Co. v. Kane, 72 N. Y. 614.

The learned counsel for the plaintiff conceded, upon the argument, that the trustee was legally authorized to expend, and assess upon the taxable property of the district, a portion of the money included in the tax assessment; but he contends that a portion of the assessment was unauthorized, and therefore the whole tax assessment is void. There is always the legal presumption that public officers will properly discharge their duties, and, when a party claims that a public officer has failed to discharge a statutory duty, the burden is upon him to show that such duty was not performed. It appears from the evidence that a portion of the amount expended by the trustee, and included in the tax levy, was ordered by the school commissioner, and a portion thereof the trustee was authorized by statute to raise, irrespective of any vote of the district, and a portion of the tax was ordered by a previous vote of the district. The law, therefore, made it the duty of the trustee to make out a tax list, and to issue a warrant for its collection. In performing this duty he acquired jurisdiction of the plaintiff and of the subject-matter; and, being clothed with legal authority to make the assessment, any irregularity, such as making it for a larger sum than he was authorized by law to make, did not invalidate the whole assessment; it was simply an irregularity that could have been corrected in proceedings by certiorari under the Code. Section 2141. Or the plaintiff might have requested the trustee to correct the error, if any, in the tax list, who, with the consent of the superintendent of public instruction, was authorized under the statute to make the correction. Laws 1867, c. 406, § 22. There is a clear distinction between a case of erroneous or over assessment and a case of an assessment without any authority, such as an assessment made under an unconstitutional law, or the assessment of property which the law has made no provision for assessing. The distinction is the same, in effect, as an erroneous judgment of a court having jurisdiction of the person and subject-matter and the judgment of a court having no such jurisdiction. To illustrate still further: A tax warrant, regular on its face, issued for the collection of a tax levied under such erroneous assessment, would afford protection to the officer serving it, while a tax warrant issued for the collection of a tax levied under an unconstitutional law, or without authority of law, would afford no protection whatever. The distinction between an erroneous and an illegal assessment is clearly stated in Weaver v. Devendorf, 3 Denio, 117, and in National Bank of Chemung v. City of Elmira, 53 N. Y. 49. The former case was an action by a clergyman for an alleged refusal to allow him the statutory exemption. It appeared that he had more property than the amount of the exemption, for which he was liable to be taxed. It was held that the assessors had jurisdiction to act, and were not liable for making the assessment too high, however erroneous their decision might have been. It is a well-recognized fact that more or less errors have always been connected with the assessment, levy, and collection of taxes, and, if every taxpayer is at liberty to controvert the correctness of his assessment by replevying property levied upon by the collector, it would stay the

collection of the revenue in every school district, town, and city in the state. It will not do to permit the collection of taxes to be interfered with by such proceedings, unless it clearly appears that there was a want of jurisdiction in the assessing or collecting officers. The effect of permitting such actions to be maintained would soon prove disastrous to our system of taxation. It may be stated, as a general rule, supported by numerous authorities in England and in this country, that replevin is not the proper mode of testing the regularity of a tax assessment. It has been repeatedly decided in this class of cases that, when the proper tribunal has made an assessment which the collector is called upon to enforce, no action will lie against him. Were it otherwise there would be no safety for the collector, and no certainty in the collection of the public revenues. Wells, Repl. § 224; Van Deventer v. Long Island City, 139 N. Y. 138, 34 N. E. 774. Cooley, in his work on Taxation, (page 540,) says:

"A tax will not be restrained on the ground merely that it is irregular or erroneous. Errors in the assessment do not render the tax void, nor, as a general rule, do they constitute any reason whatever against its being strictly enforced; but, however that may be in any particular case, the law has provided remedies for all such mere irregularities and errors as do not go to the foundation of the tax, and parties complaining must be confined to such remedies."

The court of appeals held, in the case of Susquehanna Bank v. Board of Sup'rs of Broome Co., 25 N. Y. 312, 313, that there is no more reason for entertaining a suit to restrain the collection of a tax than there would be where, in an action for the recovery of money, a party had a judgment against him upon erroneous rulings of law. Railroad Co. v. Nolan, 48 N. Y. 516. The case of Canal Co. v. Atkins, 121 N. Y. 246, 24 N. E. 319, was an action brought to restrain a collector from collecting a tax levied and assessed upon the plaintiff's property, and to have the assessment declared void, on the ground that the assessment was out of due proportion and too large in its valuation, and was void for the reason that the persons who assumed to make it were not assessors either de jure or de facto. It was held in that case that the action was not maintainable, both because public policy would not sanction such an interference "with the process of taxation, and that ample remedies exist at law." The court also held that for the first wrong complained of a certiorari is an entirely adequate remedy, and for the other an action against the collector for executing a warrant void on its face.

In the case of Railroad Co. v. Nolan, supra, the court says:

"The rule denying the right to interfere by injunction to restrain the collection of a tax is one of public policy, and it is equally applicable to the case of an assessment. The measures adopted for equalizing and gathering the public revenue, and the means of paying the demands of creditors of the government, as well as carrying on or continuing the public business, ought not to be restrained or delayed at the suit of private parties."

The legislature has provided a tribunal where any person may have an erroneous assessment of his property corrected by instituting certiorari proceedings, and in this way the operation of the

various branches of the state government are not materially interfered with. This remedy has been repeatedly adopted and sustained by the court of appeals in such cases, which is adequate for the correction of all errors liable to be committed by assessors or trustees of school districts in the performance of their official duties. Cooley on Taxation (page 573) says:

"In some cases one whose goods have been seized for the satisfaction of a tax may recover them by writ of replevin; but, to justify this process, the tax must be absolutely void, and not merely unjust, excessive, or irregular. Where replevin is allowed, it cannot be maintained by the party taxed unless the whole tax is illegal, as it must appear that the seizure of the goods is without warrant of law."

He also says "that the liability of this process to vexatious use is so considerable that it has been deemed proper, in some of the states, on the ground of public policy, to provide that replevin shall not lie for property distrained for taxes." In the case of Woolsey v. Morris, 96 N. Y. 315, Judge Andrews says "that a ministerial officer is protected in the execution of process, regular on its face, issued by the court, officer, or body having general jurisdiction of the subject-matter." He also says that "the rule is founded in public policy for the protection of public officers charged with the duty of executing process." The court also held that "where an officer having several processes in his hands, some valid and some invalid, levies under all of them upon the personal property of the party against whom they are issued, the bare levy does not constitute the officer a trespasser. What he did was no more than the officer was justified in doing under the valid process." What the collector did in making the levy in this case was no more than she was authorized to do, providing the assessment had not been excessive. She was not bound to inquire whether a portion of the plaintiff's assessment was excessive or illegal. She was justified in obeying the command of the warrant, especially when it was regular on its face, and issued by the trustee who was authorized by law to issue it. Judge Finch, in Telegraph Co. v. Grant, 137 N. Y. 7, 32 N. E. 1005, says: "The protection given to the collecting officer is where his process emanates from a competent judicial authority, and is regular on its face. He is not bound to look beyond it, and may assume its validity." The learned judge also says, (at page 12, 137 N. Y., and page 1006, 32 N. E.,) if it appears that the warrant is valid, but "that the officer did not lawfully and regularly make the assessment, it is sufficient to say that the plaintiff had an ample and sufficient remedy by certiorari." Mayor, etc., v. Davenport, 92 N. Y. 610; Canal Co. v. Atkins, 121 N. Y. 246, 24 N. E. 319; Code, §§ 2140, 2141. In the case of Kennedy v. City of Troy, 77 N. Y. 493, the court held that, "where assessors for a local improvement determined that all the property benefited must be assessed, an error in determining what property is in fact benefited must be reviewed by certiorari, and not by action." Railroad Co. v. Kane, 72 N. Y. 614; Railroad Co. v. Roach, 80 N. Y. 342; Hersee v. Porter, 100 N. Y. 410, 3 N. E. 338. Judge Earl, in Strusburgh v. Mayor, etc., 87 N. Y. 455, says: "An action in equity to vacate an assessment and re-

strain its collection cannot be maintained merely because the assessment is for any reason invalid or illegal." This rule, he says, has its foundation in public policy, for the reason that it would lead to great embarrassment and inconvenience if the collection of taxes and assessments were to be delayed by such actions. Heywood v. City of Buffalo, 14 N. Y. 534. These proceedings would no doubt have been vacated and set aside by the court if application had been made, at the proper time, by the defendants. The case of Tool Co. v. Smith, 32 Hun, 121, was an action to replevy certain articles of personal property seized by the marshal of the city of New York under a warrant for the collection of a tax. The plaintiff claimed that the seizure was illegal, for the reason, among others, that the amount of the tax did not appear upon the warrant, the dollar sign not having been placed before the figures. Upon a motion made by the defendant, the replevin proceedings were set aside. The court at general term said: "The change from the Revised Statutes made by the Code would leave the door open to the greatest embarrassments in the collection of taxes if such objections could be brought and sustained, especially where no proceedings could be had to get rid of the action until the final trial." It is also claimed by the plaintiff that the case of Haley v. Whitney, 53 Hun, 121, 6 N. Y. Supp. 342, is controlling in this case. That was not an action in replevin, but an action in trespass against a school-district trustee. The question presented in that case was whether the defendant had jurisdiction to issue the tax warrant, and the court held that he did not have; that the defendant, in levying the tax upon the plaintiff's property, and issuing the warrant for its collection, acted without jurisdiction over the subject-matter. In this case the trustee had jurisdiction over the subject-matter, and authority to issue the tax warrant; and, if any improper items were inserted therein by mistake, it did not make the process void, nor the taking of the property by the collector unlawful. Parish v. Golden, 35 N. Y. 467. The complaint, therefore, must be dismissed, with costs against the plaintiff.