THOMAS R. NORRIS, Appellant, v. HERBERT A. JONES and Another, Respondents.

*Action of replevin — sufficiency of the affidavit — lawful expenditures of the trustee of a school district — regularity of a tax assessment, how tested — goods seized on legal process for the collection of a tax — remedy of the owner thereof — a public officer presumed to have properly discharged his duty — execution of a warrant for an excessive tax by the collector of a school district — corrected by certiorari or by a school trustee — erroneous assessment and an assessment without jurisdiction, distinguished — when no action will lie against the collector.*

An affidavit, made and delivered to the sheriff on behalf of the plaintiff in an action of replevin against the trustee of a school district and the collector of such district [where the chattel sought to be replevied was taken by virtue of a warrant against the plaintiff for the collection of a tax assessment issued in pursuance of a statute of the State of New York], contained an allegation as follows: "The said tax containing moneys to be raised thereby which were not legally, properly and justly chargeable to said district." It also alleged that the defendants were not legally competent to hold the offices as claimed by them.

*Held,* that the allegations of such affidavit were wholly insufficient under the provisions of sections 1690 to 1695 of the Code of Civil Procedure, to authorize the taking of the property from the collector, inasmuch as the affidavit did not state facts showing that the taking of the property was unlawful by reason of defects in the process, or that the detention was unlawful by reason of facts which had subsequently occurred;

That such allegation was a mere legal conclusion, and that the affidavit should have specified the moneys included in the assessment which were not legally chargeable to the district, so that the court could determine from the facts alleged whether the taking was unlawful or not.

The trustee of every school district of the State of New York is authorized by law to expend in the necessary and proper repairs of the school house under his charge a sum not exceeding twenty dollars in any one year, and he may also expend a sum not exceeding fifty dollars in the erection of necessary outbuildings when authorized by the school commissioner or the Superintendent of Public Instruction. He is also authorized to make repairs and abate any nuisance, and provide fuel, pails, brooms and other implements necessary to keep the school house clean and make it reasonably comfortable for use. He may provide for building fires and cleaning the school room, and he may expend for books a sum not exceeding fifteen dollars, all of which shall be a charge upon the district.

When the trustee is required or authorized by law to incur any expense for school purposes, the statute makes it a charge upon the district, and he may raise the amount thereof by tax in the same manner as if a definite sum to be raised had been voted by a district meeting.

It may be stated as a general rule that replevin is not the proper mode of testing the regularity of a tax assessment.

Goods seized on legal process for the collection of a tax, by a tribunal having jurisdiction of the subject-matter and of the person, cannot be retaken from the officer by a writ of replevin even though the warrant may have been issued erroneously or irregularly.

The remedy afforded by law in the State of New York to an individual whose property is seized to satisfy a tax, levied under an unconstitutional law or levied without jurisdiction to levy it, is either to bring replevin for his property seized to satisfy such tax, or, in a proper action, to make the collector, or those under whose direction he acts, personally liable for the damages resulting to the taxpayer by reason of such tax.

There is always a legal presumption that a public officer will properly discharge his duties, and when a party claims that a public officer has failed to discharge his statutory duty the burden is upon him to show that such duty was not performed.

Where a warrant for the collection of a tax issued to the collector for a school district is in the form and contains all the requirements prescribed by law, and a tax list is attached to the warrant which contains a list of the names of the taxable inhabitants of the district, and the items for which the tax is

imposed, if there is nothing upon the face of the papers to notify the collector that such tax includes money to be raised thereby which is not legally, properly and justly chargeable to such district, or to show that the trustee of such school district, or the collector therefor, is not legally competent to hold his office, it is the duty of the collector to execute the warrant, and he is not bound to inquire whether a portion of the assessment is excessive or illegal.

Where a portion of the amount, expended by the trustee for a school district, included in a tax levy, was ordered by the school commissioner, and a portion thereof said trustee was by statute authorized to raise irrespective of any vote of the district, and a portion of the tax was ordered by a previous vote of the district, it is the duty of the trustee to make out a tax list and to issue a warrant for its collection, and if in the performance of such duty such trustee acquires jurisdiction of the inhabitants of such district and of the subject-matter, any irregularity in the making of 'such assessment, such as making it for a sum larger than he was authorized to do by law, does not invalidate the whole assessment. It is merely an irregularity and can be corrected in proceedings by certiorari under section 2241 of the Code of Civil Procedure, or, at the request of an inhabitant of such district, the trustee, with the consent of the Superintendent of Public Instruction, is authorized by law to make the correction.

There is a clear distinction between a case of erroneous or over assessment and a case of assessment made under an unconstitutional act or without any authority. The distinction is the same in effect as that between an erroneous judgment of a court having jurisdiction of the person and subject-matter and the judgment of a court having no jurisdiction, and a tax warrant regular on its face, issued for the collection of a tax levied under an erroneous assessment, affords protection to the officer serving it, while a tax warrant issued for the collection of a tax levied under an unconstitutional law or without authority of law affords no protection whatever.

When the proper tribunal has made an assessment, which the collector of a school district is called upon to enforce, no action will lie against him.

APPEAL by the plaintiff, Thomas R. Norris, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Yates on the 27th day of December, 1893, upon the decision of the court rendered after a trial at the Yates Circuit before the court and a jury dismissing the plaintiff's complaint upon the merits.

*W. H. Fiero* and *William T. Morris*, for the appellant.

*Briggs & Sunderlin*, for the respondents.

Present — DWIGHT, P. J., LEWIS, HAIGHT and BRADLEY, JJ.

Judgment appealed from affirmed on the opinion of DAVY, J., at Circuit.

The opinion at the Circuit was as follows:

DAVY, J.:

It appears from the undisputed evidence taken upon the trial in this action that the defendant Herbert A. Jones was duly elected trustee of school district No. 2, in the town of Milo, in the county of Yates, for the year 1893; that on the second day of March of that year he made out an annual tax list for said school district, and attached thereto his warrant for the collection of the school district taxes, and delivered the tax list and warrant to the defendant Josephine E. Jones, who was duly appointed collector for the school district. After she received the tax list and warrant, she called upon the plaintiff and demanded the payment of sixteen dollars and eighty-three cents, school tax, which he refused to pay. On the 30th day of March, 1893, she duly levied upon personal property belonging to him to satisfy said tax. The property was at once replevied by the plaintiff, and the question now arises whether the action of replevin can be maintained.

The plaintiff contends that the Code of Civil Procedure (§§ 1690–1695) authorized the bringing this action to replevy his goods because the assessment was for a larger sum than the trustee was authorized by law to make under section 1690. An action to recover a chattel cannot be maintained when the chattel is taken by virtue of a warrant against the plaintiff for the collection of a tax assessment or fine, issued in pursuance of any statute of the State or of the United States, unless the taking was or the detention is unlawful, as specified in section 1695. Subdivision 4 of that section provides that the affidavit to be delivered to the sheriff must particularly describe the property to be replevied, and must state that it has not been taken by virtue of a warrant against the plaintiff for the collection of a tax assessment or fine, issued in pursuance of a statute of the State or of the United States, or if it has been taken under color of such warrant, either that the taking was unlawful by reason of defects in the process or other cause specified, or that the detention is unlawful by reason of facts specified which have subsequently occurred.

The affidavit which was delivered to the sheriff states that the taking and detention of plaintiff's property was unlawful by reason of the following defects in the process, to wit: "The said tax con-

taining moneys to be raised thereby which were not legally, properly and justly chargeable to said district." It also alleges that the defendants were not legally competent to hold the offices as claimed by them. The affidavit, therefore, was wholly insufficient to authorize the taking of the property from the collector. It did not state facts showing that the levy was unlawful by reason of defects in the process or by reason of facts which had subsequently occurred. The allegation is but a mere legal conclusion. (*Talcott et al.* v. *City of Buffalo*, 125 N. Y. 280 ; *Emery* v. *Baltz et al.*, 94 id. 408.) It should have specified the moneys included in the assessment that were not legally chargeable to the district, so that the court could determine from the facts alleged whether the taking was unlawful or not. The provision of the Code upon this point is imperative, and any attempt to evade its letter or spirit should be regarded as an evasion of one of the vital prerequisites of the issuing of the writ.

Assuming that a portion of the tax was unauthorized, that fact would not, in my opinion, make the taking of the property by the collector unlawful, providing the trustee had jurisdiction of the subject-matter and authority to issue the tax warrant.

The trustee of every school district in the State is authorized by law to expend, in the necessary and proper repairs of the school house under his charge, a sum not exceeding twenty dollars in any one year, and he may also expend a sum not exceeding fifty dollars in the erection of necessary outbuildings, when authorized by the school commissioner or the Superintendent of Public Instruction. He is also authorized to make repairs and abate any nuisance, and provide fuel, pails, brooms and other implements necessary to keep the school house clean and make it reasonably comfortable for use. He may also provide for building fires and cleaning the school room, and he may expend for books a sum not exceeding fifteen dollars, all of which shall be a charge upon the district. When the trustee is required or authorized by law to incur any expense for school purposes, the statute makes it a charge upon the district, and he may raise the amount thereof by tax in the same manner as if a definite sum to be raised had been voted by a district meeting. (Laws of 1886, chap. 292, § 1; 1 Birdseye's Rev. Stat. 565, §§ 135, 136.) The statute also provides that the trustee's warrant for the

collection of the district tax shall have the like force and effect as a
warrant issued by a board of supervisors to a collector of taxes in a
town, and the collector to whom it is delivered for collection shall
be thereby authorized and required to collect from every person in
such tax list named the sum set opposite to his name, in the same
manner as collectors are authorized to collect town and county taxes.
(Laws of 1867, chap. 406, § 81; 1 Birdseye's Rev. Stat. 570, § 164.)
The laws seem to be quite uniform in all the States that goods seized
on legal process for the collection of a tax by a tribunal having juris-
diction of the subject-matter and of the person cannot be retaken
from the officer by a writ of replevin, even though the warrant
may have been issued erroneously or irregularly. This rule is
founded upon the necessity for the prompt collection of the public
revenue.

The remedy afforded the individual by law in this State whose
property is seized to satisfy a tax levied under an unconstitutional
law, or levied without authority or jurisdiction to levy it, is clear.
He may bring replevin for his property seized to satisfy such tax, or
he may, in a proper action, make the collector, or those under whose
direction he acts, personally liable for the damages resulting to him
by reason of such unlawful seizure. The warrant in this case was
in the form prescribed and adopted by the department of public
instruction and used in the school districts throughout the State. It
contains all the requirements prescribed by law. (Code Pub. Inst.
1887, p. 331.) The tax list was attached to the warrant, and con-
tained a list of the names of the taxable inhabitants of the district
and the items for which the tax was imposed. There was nothing
upon the face of these papers to notify the collector of the alleged
irregularity, and hence it was her duty to execute the warrant.
(*Lake Shore & M. S. Ry. Co.* v. *Roach*, 80 N. Y. 340; *Hersee* v.
*Porter*, 100 id. 410; *Niagara Elevating Co.* v. *McNamara*, 50 id.
653, 654; *Troy & L. R. R. Co.* v. *Kane*, 72 id. 614.)

The learned counsel for the plaintiff conceded upon the argument
that the trustee was legally authorized to expend and assess upon
the taxable property of the district a portion of the money included
in the tax assessment, but he contends that a portion of the assess-
ment was unauthorized, and, therefore, the whole tax assessment is
void.

There is always the legal presumption that public officers will properly discharge their duties, and when a party claims that such an officer has failed to discharge a statutory duty, the burden is upon him to show that such duty was not performed. It appears from the evidence that a portion of the amount expended by the trustee and included in the tax levy was ordered by the school commissioner, and a portion thereof the trustee was authorized by statute to raise, irrespective of any vote of the district, and a portion of the tax was ordered by a previous vote of the district. The law, therefore, made it the duty of the trustee to make out a tax list and to issue a warrant for its collection. In performing this duty he acquired jurisdiction of the plaintiff and of the subject-matter, and being clothed with legal authority to make the assessment, any irregularity, such as making it for a larger sum than he was authorized by law to make, did not invalidate the whole assessment; it was simply an irregularity that could have been corrected in proceedings by certiorari under the Code of Civil Procedure (§ 2241). Or the plaintiff might have requested the trustee to correct the error, if any, in the tax list, who, with the consent of the Superintendent of Public Instruction, was authorized under the statutes to make the correction. (Laws of 1867, chap. 406, § 87.) There is a clear distinction between a case of erroneous or over assessment and a case of an assessment made under an unconstitutional law, or the assessment of property which the law has made no provision for assessing. The distinction is the same, in effect, as that of an erroneous judgment of a court having jurisdiction of the person and subject-matter and the judgment of a court having no jurisdiction. To illustrate still further, a tax warrant, regular on its face, issued for the collection of a tax levied under such erroneous assessment, would afford protection to the officer serving it, while a tax warrant issued for the collection of a tax levied under an unconstitutional law, or without authority of law, would afford no protection whatever. The distinction between an erroneous and an illegal assessment is clearly stated in *Weaver* v. *Devendorf* (3 Den. 117), and in *National Bank of Chemung* v. *City of Elmira* (53 N. Y. 49).

The former case was an action by a clergyman for an alleged refusal to allow him the statutory exemption; it appeared that he had more property than the amount of the exemption for which he

was liable to be taxed. It was held that the assessors had jurisdiction to act and were not liable for making the assessment too high, however erroneous their decision might have been.

It is a well-recognized fact that more or less errors have always been connected with the assessment, levy and collection of taxes, and if every taxpayer is at liberty to controvert the correctness of his assessment by replevying property levied upon by the collector, it would stay the collection of the revenue in every school district, town and city in the State.

Therefore, it will not do to permit the collection of taxes to be interfered with by such proceedings, unless it clearly appears that there was a want of jurisdiction in the assessing or collecting officers. The effect of permitting such actions to be maintained would soon prove disastrous to our system of taxation. It may be stated as a general rule, supported by numerous authorities in England and in this country, that replevin is not the proper mode of testing the regularity of a tax assessment. It has been repeatedly decided in this class of cases that when the proper tribunal has made an assessment which the collector is called upon to enforce, no action will lie against him ; were it otherwise there would be no safety for the collector and no certainty in the collection of the public revenue. (Wells on Replevin, § 224 ; *Van Deventer* v. *Long Island City et al.*, 139 N. Y. 138.)

Cooley, in his work on Taxation (1st ed., p. 540), says : " A tax will not be restrained on the ground merely that it is irregular or erroneous. Errors in the assessment do not render the tax void, nor, as a general rule, do they constitute any reason whatever against its being strictly enforced, but, however that may be in any particular case, the law has provided remedies for all such mere irregularities and errors as do not go the foundation of the tax, and parties complaining must be confined to these."

The Court of Appeals held, in the case of *The Susquehanna Bank* v. *Suprs. of Broome Co.* (25 N. Y. 312, 313), that there is no more reason for entertaining a suit to restrain the collection of a tax than there would be where, in an action for the recovery of money, a party had a judgment against him upon erroneous rulings of law. (*Western R. R. Co.* v. *Nolan*, 48 N. Y. 516.)

The case of *D. & H. Canal Co.* v. *Atkins* (121 N. Y. 246) was an action brought to restrain a collector from collecting a tax levied

and assessed upon the plaintiff's property and to have the assessment declared void on the ground that the assessment was out of due proportion and too large in its valuation and was void for the reason that the persons that assumed to make it were not assessors *de jure* or *de facto*. It was held in that case that the action was not maintainable, both because public policy would not sanction such an interference with the process of taxation and that ample remedies existed at law. The court also held that for the first wrong complained of a certiorari is an entirely adequate remedy, and for the other an action against the collector might be maintained for executing a warrant void on its face.

In the case of *The Western R. R. Co.* v. *Nolan (supra)* the court says: "The rule denying the right to interfere by injunction to restrain the collection of a tax is one of public policy, and it is equally applicable to the case of an assessment. The measures adopted for equalizing and gathering the public revenue and the means of paying the demands of the creditors of the government, as well as carrying on or continuing the public business, ought not to be restrained or delayed at the suit of private parties."

The Legislature has provided a tribunal where any person may have an erroneous assessment of his property corrected by instituting certiorari proceedings, and in this way the operations of the various branches of the State government are not materially interfered with. This remedy has been repeatedly adopted and sustained by the Court of Appeals in such cases as adequate for the correction of all errors liable to be committed by assessors or trustees of school districts in the performance of their official duties.

Cooley on Taxation (p. 572) says: "In some cases, one whose goods have been seized for the satisfaction of a tax, may recover them by writ of replevin, but to justify this process the tax must be absolutely void and not merely unjust, excessive or irregular. * * * Where replevin is allowed it cannot be maintained by the party taxed unless the whole tax is illegal, as it must assume that the seizure of the goods is without warrant of law." He also says: "The liability of this process to vexatious use is so considerable that it has been deemed proper in some of the States, on grounds of public policy, to provide that replevin shall not lie for property distrained for taxes."

In the case of *Woolsey* v. *Morris* (96 N. Y. 315) Judge ANDREWS says : " That a ministerial officer is protected in the execution of process, regular on its face, issued by a court, officer or body having general jurisdiction of the subject-matter." He also says : " The rule is founded in public policy for the protection of public officers charged with the duty of executing process." The court also held that " where an officer having several processes in his hands, some valid and some invalid, levies under all of them, upon the personal property of the party against whom they are issued, the bare levy does not constitute the officer a trespasser.   *   *   * What he did was no more than the officer was justified in doing under the valid process."

What the collector did in making the levy in this case was no more than she was authorized to do, providing the assessment had not been excessive. She was not bound to inquire whether a portion of the plaintiff's assessment was excessive or illegal. She was justified in obeying the command of the warrant, especially when it was regular on its face and issued by the trustee who was authorized by law to issue it.

Judge FINCH, in *United Lines Tel. Co.* v. *Grant* (137 N. Y. 7), says : " The protection given to the collecting officer is where his process emanates from a competent judicial authority and is regular on its face. He is not bound to look beyond it and may assume its validity." The learned judge also says, at page 12, if it appears that the warrant is valid, but " that the officer   *   *   *   did not lawfully and regularly make the assessment, it is sufficient to say that the plaintiff had an ample and sufficient remedy by certiorari." (*Mayor* v. *Davenport*, 92 N. Y. 610 ; *D. & H. Canal Co.* v. *Atkins*, 121 id. 246 ; Code Civ. Proc. §§ 2140, 2141.)

In the case of *Kennedy* v. *City of Troy* (77 N. Y. 493) the court held that where assessors for a local improvement determined that all the property benefited must be assessed, an error in determining what property is in fact benefited must be reviewed by certiorari and not by action. (*Troy & Lansingburg R. R. Co.* v. *Kane*, 72 N. Y. 614 ; *L. S. & M. S. Ry. Co.* v. *Roach*, 80 id. 339 ; *Hersee* v. *Porter*, 100 id. 410.)

Judge EARL, in *Strusburgh* v. *Mayor of the City of New York* (87 N. Y. 455), says : " An action in equity to vacate an assessment

and restrain its collection cannot be maintained merely because the assessment is for any reason invalid or illegal."

This rule, he says, has its foundation in public policy for the reason that it would lead to great embarrassment and inconvenience if the collection of taxes and assessments were to be delayed by such action. (*Heywood* v. *The City of Buffalo*, 14 N. Y. 534.)

The replevin proceedings in this action would, no doubt, have been vacated and set aside by the court; if application had been made at the proper time by the defendants.

The case of *American Tool Co.* v. *Smith* (32 Hun, 121) was an action to replevy certain articles of personal property seized by the marshal of the city of New York under a warrant for the collection of a tax. The plaintiff claimed that the seizure was illegal for the reason, among others, that the amount of the tax did not appear upon the warrant, the dollar sign not having been placed before the figures. Upon a motion made by the defendant the replevin proceedings were set aside. The court at General Term says: "The change from the Revised Statutes, made by the Code, would leave the door open to the greatest embarrassments in the collection of taxes, if such objections could be brought and sustained, where the proceedings are entirely regular, upon the mere assertion of invalidity, and no proceedings could be had to get rid of the action until the final trial."

It is also claimed by the plaintiff that the case of *Haley* v. *Whitney* (53 Hun, 121) is controlling in this case. That was not an action in replevin, but an action in trespass against a school district trustee. The question presented in that case was whether the defendant had jurisdiction to issue the tax warrant, and the court held that he did not have; that the defendant, in levying the tax upon the plaintiff's property and issuing the warrant for its collection, acted without jurisdiction over the subject-matter. In this case the trustee had jurisdiction over the subject-matter and authority to issue the tax warrant, and if any improper items were inserted therein by mistake, it did not make the process void, nor the taking of the property by the collector unlawful. (*Parish* v. *Golden*, 35 N. Y. 462.)

The complaint, therefore, must be dismissed, with costs against the plaintiff.