### POSTAL TEL. CABLE CO. *v.* GRANT.

*(Supreme Court, General Term, First Department.*   October 24, 1890.)

TAXATION—REMEDIES FOR ERRONEOUS TAXATION—INJUNCTION.

    The collection of an assessment will not be restrained by injunction on the bare ground that the statute under which it is imposed is unconstitutional, nor on the ground of irreparable injury to plaintiff, where there will be no injury greater than would result from the collection of any tax, especially where plaintiff had a remedy at law, and has lost it by delay.

Appeal from special term, New York county.

Action by the Postal Telegraph Cable Company against Hugh J. Grant, sheriff of the city and county of New York, to restrain him from enforcing a warrant issued to him for the collection of an assessment on plaintiff's property.  Laws N. Y. 1885, c. 499, providing for placing electrical conductors under ground in cities, by section 7, as amended by Laws N. Y. 1886, c. 503, enacted that the amount of the salaries and expenses of the commissioners of electrical subways created by the act of 1885 should be "assessed upon and collected from the several companies operating electrical conductors in any such city of the state, which, under the provisions of this act, are or shall be required to place and operate any of their conductors under ground," the relative share of each company to be apportioned ratably according to the number of miles of wire operated by it within the city; and by other sections the proceedings for collection of such assessments were regulated.  Laws N. Y. 1886, c. 330, directed that the amount of an appropriation thereby made for services and expenses of the commissioners of electrical subways should, in one assessment, be so assessed upon and collected from those companies. Part of that amount was accordingly assessed upon plaintiff, on August 5, 1886, and on December 23, 1887, the warrant in question was issued to defendant as sheriff to collect the same.  Code Civil Proc. N. Y. § 2125, provides that, except in certain cases of disability, "a writ of *certiorari* to review a determination must be granted and served within four calendar months after the determination to be reviewed becomes final and binding upon the relator," etc.  Plaintiff brought this action March 16, 1888.  Upon trial by the court, judgment was rendered dismissing the complaint.  From the judgment plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Andrew Wesley Hunt,* for appellant.   *I. H. Maynard,* for respondent.

PER CURIAM.    This action was brought to restrain the defendant as sheriff of the city and county of New York from collecting an assessment levied

against the property of the plaintiff upon the ground that the provisions of the acts authorizing the imposition of the assessment were unconstitutional, and in violation of law, and void. We are of the opinion that the action will not lie because the plaintiff has not brought itself within any acknowledged head of equity jurisprudence. Is was distinctly held in the case of *Susquehanna Bank* v. *Supervisors of Broome Co.*, 25 N. Y. 312, that an action will not lie to restrain the collection of a tax on the bare ground that the assessment was illegal, which is all that is established by the record in the case at bar. To the same effect is the case of *Railway Co.* v. *Smith*, 101 N. Y. 684. It is claimed, however, that the levy of the tax would produce irreparable injury to the plaintiff, and that, therefore, it has brought itself within an acknowledged head of equity jurisprudence; the cases being numerous in which injunctions have been granted where the injury to be restrained would be irreparable. But the collection of the tax imposed in the case at bar would not work any greater injury to the plaintiff than would the collection of any tax from a person against whom the same had been assessed. It is urged that the case of *Insurance Co.* v. *Supervisors, etc.*, *42 N. Y. 182, cited by the court below, has no application, because no constitutional question was raised, and remedies at law were open to the plaintiff. In the case at bar it is clear that remedies at law were open to the plaintiff; and it has resorted to this action, it would appear, because it had lost its right of review in the manner provided by the laws of the state. We think, therefore, that the judgment should be affirmed, with costs. All concur.