UNITED LINES TEL. CO. *v.* GRANT, Sheriff.

(*Supreme Court, General Term, First Department.* March 31, 1892.)

ERRONEOUS TAXATION—INJUNCTION—LEGAL REMEDIES.

The collection of an assessment will not be enjoined on the bare ground that the statute under which it is imposed is unconstitutional, nor on the ground of irreparable injury to plaintiff, where there would be no greater injury than would result from the collection of any tax, especially where plaintiff had a remedy at law, and lost it by delay. *Cable Co.* v. *Grant,* (Sup.) 11 N. Y. Supp. 323, followed.

Appeal from special term, New York county.

Action by the United Lines Telegraph Company against Hugh J. Grant, sheriff of the city and county of New York, to enjoin defendant from enforcing a warrant issued to him for the collection of an assessment on plaintiff's property. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and INGRAHAM, J.

*Andrew Wesley,* for appellant. *Cockran & Clark,* (*S. W. Rosendale,* Atty. Gen., of counsel,) for respondent.

PER CURIAM. The question presented on this appeal was determined by this court in the case of *Cable Co.* v. *Grant,* 11 N. Y. Supp. 323.[1] In that case the action was brought to obtain a judgment declaring the acts under which the assessment in this case, as in that case, was made, void because of unconstitutionality, and perpetually enjoining the defendant from executing the warrant of the comptroller; and the court held that the action would not lie, because the plaintiff had not brought itself within any acknowledged head of equity jurisprudence, that all the remedies at law were open to the plaintiff, and that this court would not entertain jurisdiction because the plaintiff had lost its right of review in the manner provided by the laws of this state. As the facts in the case at bar are identical with the facts presented to the court in the case cited, it follows that the judgment was right, and must be affirmed, with costs.

[1] Appeal to court of appeals dismissed. See 29 N. E. Rep. 147.