County Court, Greene County, May, 1900. [Vol. 31.

EDWARD A. CLARK, Appellant, *v.* FRED. SMITH, JR., Respondent.

(County Court, Greene County, May, 1900.)

1. **Conversion — Levy of tax collector on personal property purchased with pension money — Failure of assessors to publish and post notice of completing the assessment-roll — Tax.**

   A village. tax collector's warrant and his right to levy thereunder are not invalidated or affected by the failure of the village assessors to post and publish, for fifteen days, the statutory notice relative to the completion and filing of the assessment-roll; and the warrant protects him although he had notice of the failure of the assessors and although the warrant was delivered to him forthwith and before the fifteen days had expired.

2. **Same — Refusal to pay tax excuses demand — Tax.**

   Where the person taxed notifies the tax collector, in advance, that he will not pay the tax levied or any tax, the collector may levy without calling upon him at his usual place of residence and demanding payment, as required by statute.

3. **Same — Levy not affected by failure of assessors to copy exemption contained in last previous roll.**

   While it is the duty of village trustees to copy from the last assessment-roll a statement, placed opposite the description of property, to the effect that it is "exempt", their omission from the copy made by them of the word "exempt" does not affect the right of the collector to levy under a warrant, valid upon its face, issued on the basis of the copy.

4. **Same — Qualified exemption must be asserted — Pension money.**

   Personal property purchased with pension money is not absolutely exempt from execution, and, therefore, the debtor must claim the exemption and notify the tax collector of his claim before he can maintain an action of conversion against the collector for seizing and selling the property.

APPEAL from a judgment in favor of defendant rendered in a Justices' Court.

F. M. Andrus, for appellant.

Eugene E. Howe, for respondent.

SANDERSON, J. This action was brought in a Justices' Court to recover the value of a wagon and other articles of personal property owned by the plaintiff, and which he claimed had been unlawfully taken from his possession by the defendant and converted to his own use.

The defendant, at the time of the alleged taking and conversion of said property, was collector of the village of Prattsville and attempted to justify his acts in seizing and selling plaintiff's property under an assessment-roll and warrant issued to him for the collection of the taxes mentioned on said roll, by the trustees of the village of Prattsville.

On the trial before the justice the defendant recovered judgment against the plaintiff. On this appeal four grounds of error are alleged in appellant's brief. I will briefly consider each one of these grounds, and disregard all other questions that might arise.

*First.* It is claimed that the tax levy and warrant were illegal and void for the reason that the village assessors did not, after the assessment-roll had been completed, post or publish in the official paper notice that the assessment-roll had been completed and would remain on file with the village clerk for fifteen days, pursuant to section 108, chapter 414, Laws of 1897. This section reads as follows: " Upon completing and filing the annual assessment-roll, and on or before the second Tuesday of June in villages of the first or second class, and on or before the second Tuesday of May in villages of the third or fourth class, the assessors shall cause notice thereof to be published at least once in the official paper, if any, and copies of such notice posted in not less than five public places in the village, specifying the date of filing, and that the same will remain on file with the clerk, subject to public inspection, for fifteen days after the date of such notice." Prattsville is a village of the fourth class. The day for hearing grievance in 1899 was held on the second day of May, pursuant to a notice which had been given by the assessors. The plaintiff was present before the trustees on that day. The affidavit required by law to be annexed to the assessment-roll was sworn to on the sixth day of May and on the same day the roll was filed with the village clerk. The warrant to the collector is also dated May 6, 1900, and on the same day the assessment-roll, tax-list and warrant were delivered to the collector. No notice that the roll was

completed was posted or published. Neither did the trustees wait fifteen days after filing the completed roll before issuing the warrant to the collector.

There is no doubt that if the giving of this notice is a matter of importance for the protection of the taxpayer the failure of the trustees to do so would be fatal to the validity of the tax, and the warrant itself would be no protection to the collector. The assessment-roll was sworn to on the sixth of May and filed on the same day. As this appears on the roll itself, which came into the possession of the defendant on the said sixth of May, which is the date of his warrant, he must be charged with notice that the trustees had not given notice of the completion of the roll, as required by law. Section 110, chapter 414, Laws of 1897 reads as follows: " Upon the expiration of such fifteen days, the board of trustees shall levy the tax for the current fiscal year." It is claimed by the appellant that until the expiration of the fifteen days from the time of giving such notice, the trustees had no power whatever to levy taxes on any one. In regard to compliance with the provisions of the statutes in levying taxes, the rule is stated to be as follows in Westfall v. Preston, 49 N. Y. 349, 353: " A substantial compliance with the statute in the measures preliminary to the taxation of persons and property, in all matters which are of the substance of the procedure, and designed for the protection of the taxpayer and the preservation of his rights, is a condition precedent to the legality and validity of the tax."

This rule is stated in similar language in Brevoort v. City of Brooklyn, 89 N. Y. 128, 134.

In the case of People ex rel. R., W. & O. R. R. Co. v. Haupt, 104 N. Y. 377, the assessors of the town of Somerset had not published a notice of the completion of the assessment-roll and its delivery to the town clerk. The law in relation to giving notice by the assessors of the town is in substance the same as that of giving notice by assessors of villages. Laws of 1880, chap. 269, § 9. The court, in its opinion, says: " The sole object of that provision, however, appears to be to set running the fifteen days within which parties aggrieved may sue out their writ. If the notice be not given the right to review by certiorari remains unlimited as to time. The fifteen days are not set running. The consequence of the omission cannot be fatal to the validity of the assessment, but leaves the door open for a review, unlimited as to time. The assessment, lawfully

made and completed, did not become ' illegal ' by the omission of the notice required by section 9 of the act of 1880." In People ex rel. W. S. R. R. Co. v. Adams, 125 N. Y. 471, no notice had been given by the trustees of the village of Little Falls that the assessment-roll had been completed. In that case, as in this, the tax warrant had been issued without complying with the above-mentioned provisions of the law of 1880. No attack was made upon the legality of the tax for this reason, and the court held the same principle as stated in People ex rel. R., W. & O. R. R. Co. v. Haupt, *supra.* To the same effect is Matter of Corwin, 135 N. Y. 245.

Section 110, chapter 414, Laws of 1897, provides that, " Upon the expiration of such fifteen days, the board of trustees shall levy the tax for the current fiscal year." There is no prohibition of issuing the tax warrant before the expiration of the fifteen days, and in a collateral proceeding it cannot be claimed that the tax itself is illegal. It results from these views that the tax warrant in the hands of the collector cannot be declared illegal upon the first ground of objection raised by the plaintiff.

The second ground of objection raised by the appellant is that the defendant did not call upon him at his residence and demand the tax. Laws of 1896, chap. 908, § 71. The defendant testified that he met plaintiff in the street and told him that he had received the tax-list and was ready to receive his taxes. He said he had no taxes to pay, and he would not pay them; that his place was bought with pension money and he was exempt from taxes. On another occasion the defendant spoke to the plaintiff about his taxes. The plaintiff said, I told you I had no taxes to pay and I will not pay any taxes; you go on and collect them. The plaintiff replied, that means I will have to levy; the defendant said, you dare not make a levy and I don't want you to bother me any more about taxes. After this conversation it would have been useless for the defendant to have called upon the plaintiff at his residence. If the plaintiff had any claim against the defendant for not calling upon him at his residence before making a levy, he had waived any such right or claim by his answer to the defendant. Besides, section 71 of the above-quoted Laws of 1896 provides that, " if any person shall neglect or *refuse* to pay any tax imposed on him, the collector shall levy upon any personal property in the county belonging to or in the possession of any person who ought to pay

the tax, and cause the same to be sold at public auction for the payment of such tax and the fees and expenses of collection." It seems to me that here is ample authority for the defendant to proceed as he did in the collection of the tax, if the tax be not otherwise invalid. The plaintiff had actually refused to pay the tax. This is one ground why defendant could make a levy. If the defendant had called on this plaintiff at his residence, and demanded payment of the tax, and the plaintiff after this had neglected to pay the tax, this would have been another ground for making a levy and sale.

On the town roll for 1898, plaintiff is assessed for two pieces of real estate, $500 and $100, respectively, and the word "exempt" is written opposite the description of the property. The assessors of the village of Prattsville, in 1899, adopted the town assessment-roll of 1898 as the basis of their assessment. In the plaintiff's case, the village assessors copied the description and valuation from the town assessment-roll, but failed to write the word "exempt" opposite the description. Section 104, chapter 414, Laws of 1897, provides that, "If such town roll be adopted the assessors shall copy therefrom a description of all real property of the village and the value thereof * * * assessed on such town roll as the same appears thereon, * * * together with the names of the persons or corporations, respectively, to which such real property is or should be assessed." It may be a question whether the word "exempt" is a part of either the "description" or "valuation." The assessors of the village of Prattsville evidently took the view that it does not, and left the plaintiff to prove his exemption on grievance day. On the other hand, it seems to me it is the intent and meaning of the statute that so much of the town assessment-roll should be copied as fixes the basis upon which a tax should be levied; therefore, the word "exempt," when it does occur, should be considered a part of the description. But it does not follow that, if the village trustees have erred in omitting to copy the word "exempt," as a part of the description of plaintiff's property, that the plaintiff can bring an action against the collector for enforcing the collection of the tax. Upon the face of the warrant and tax-list, they were good and valid authority for him to act. There was nothing about the tax-list or warrant that called his attention to the fact that the village assessors had not performed

their duty correctly. It is pretty uniformly held that a warrant for the collection of taxes that is in due form of law, and nothing appearing upon its face showing want of authority in the assessors making the assessment, is a perfect protection to the officer in taking the plaintiff's property. Chegaray v. Jenkins, 5 N. Y. 376; Hudler v. Golden, 36 id. 446; Baley v. Wortsman, 2 N. Y. St. Repr. 246, 41 Hun, 637.

The fourth point argued by the appellant is that the wagon and other personal property taken by the defendant under his warrant were purchased with pension money received from the United States, and are, therefore, exempt from levy and sale by virtue of an execution or on a warrant for the collection of a tax. Code Civ. Pro., § 1393. The only testimony upon this subject is that given by the plaintiff. The plaintiff also testified that he informed the defendant that the wagon, which was the only article sold, had been purchased by him with pension money. This, however, is denied by the defendant. In the case of Strong v. Walton, 47 App. Div. 114, reversing the County Court in 27 Misc. Rep. 302, the collector levied upon coal, which, the plaintiff testified, had been purchased with pension money, and of which fact due notice had been given to the collector; the jury having found a verdict for the defendant, the judgment entered thereon was sustained by the Appellate Division. In the present case, the collector denies that any notice had been given him of the purchase of the wagon with pension money. The trial court having rendered a judgment, upon conflicting evidence, in favor of the defendant, the appellate court would have no right to reverse the judgment. If the Strong case was correctly decided, the contention of the plaintiff upon this point cannot be upheld.

It has also been frequently held that, while property mentioned in section 1390 is absolutely exempt if the owner is a householder, yet if the property is of the description mentioned in section 1391, the exemption is a qualified one, and the debtor must claim it and notify the officer of his claim before he can maintain an action either for its conversion or to recover its possession. Wilcox v. Howe, 59 Hun, 268, and cases cited. The reasoning used in the opinion in that case will apply with still greater force to property purchased with pension money and exempt under section 1393, for, while under section 1391 only a limited amount of property is exempt, under section 1393 there is no personal property what-

ever that may not be exempt.   A person standing by and seeing his property sold without claiming its exemption forfeits his right to assert his claim afterwards by action.     :

This is a case in which the plaintiff has sought his remedy against the wrong person.

It results from the conclusions reached upon the points presented by the appellant that the judgment of the justice be affirmed, with costs.

Judgment affirmed, with costs.