(42 Misc. Rep. 628.)

TRUMBULL v. PALMER et al.

(Supreme Court, Special Term, Rockland County. February, 1904.)

1. TAXATION—POLL TAX—FAILURE TO ASSESS.
　　Where a village of the third class has not voted to exempt all its male residents between the ages of 21 and 70 years from an annual poll tax of $1 as fixed by Village Law, Laws 1897, p. 401, c. 414, § 103, failure of the assessors to enter on the assessment roll the names and taxable property of all persons liable to the tax is a violation of Tax Law, Laws 1896, p. 797, c. 908, § 3, and Village Law, Laws 1897, p. 404, c. 414, § 110, providing that the taxable property shall include all property not exempt and that the assessor shall ascertain the names of all persons liable to a poll tax and enter them on the roll.

2. SAME—TAX MEETING.

    Failure to hold the tax meeting provided by Village Law, Laws 1897, p. 402, c. 414, § 105, is a jurisdictional defect, and vitiates the tax levy.

3. SAME—NOTICE.

    Failure to publish notice by assessors of their meeting to hear complaints as to the assessment roll in both papers published in a village is not fatal where a notice was given, and it is not shown that an opportunity to be heard was denied any taxpayer.

Action by Lena M. Trumbull against F. B. Palmer and others to remove a tax lien on plaintiff's property, and to set aside a tax levy assessed by the trustees of the village of Spring Valley as illegal and void. Judgment for plaintiff.

Charles M. Stafford, for plaintiff.
Geo. A. Blauvelt, for defendants.

MADDOX, J. Spring Valley is an incorporated village of the third class, and, not having voted that the same shall not be imposed, all men residing therein between the ages of 21 and 70 years, and not exempt therefrom by law, "are liable to an annual poll tax of one dollar," and "no personal property is exempt from levy and sale in the collection thereof." Village Law, Laws 1897, p. 401, c. 414, § 103. The command of the statute is that the assessors "shall * * * on or before the first Tuesday of May, if a village of the third * * * class, prepare an assessment roll of the persons and property taxable within the village in the same maner and form as is required by law for the preparation of a town assessment roll. They shall also enter on such roll the names of all persons liable to a poll tax." Section 104. It was their duty to "ascertain by diligent inquiry all the property and the names of all the persons taxable" within the tax district —here within the village limits (Tax Law, Laws 1896, p. 808, c. 908, § 20, as amended by Laws 1902, p. 886, c. 324); and taxable property includes all real and personal estate not exempt by law from taxation. Tax Law, Laws 1896, p. 797, c. 908, § 3. Likewise they should ascertain the names of all persons liable to a poll tax, for these, we see, they shall enter on the roll; and that this is an essential and material part of the assessment roll is, in my opinion, apparent, for at the proper time "the board of trustees shall levy the tax for the current fiscal year, which must include the following items: * * * (3) Such sum as the board deems necessary in addition to the poll tax to meet the expenditures from the street fund for the current fiscal year, not exceeding one-half of one per centum of the total valuation of the property assessed upon the annual assessment-roll of the last preceding year. * * * (5) The poll tax." Village Law, Laws 1897, p. 404, c. 414, § 110. The language of the statute is mandatory. The poll tax is an essential and necessary part of the roll, and for the assessors to omit from such roll either the taxable real property, or the taxable personal property, or the names of those liable to pay poll tax, is a disregard and a violation of the letter and the spirit of the statute. But this is what the assessing officers have done. They have omitted to "enter on such roll the names of all persons liable to a poll tax," and consequently the tax levy does not include the "poll tax," and "such

sum as the board of trustees deems necessary, in addition to the poll tax, to meet the expenditures from the street fund." And to permit such omission would be but to justify an evasion of a clear official duty—a nonfeasance in public office—and to set a premium upon official dereliction. The purpose is clear. It is that the poll tax shall be applied to street repairs, and, if insufficient therefor, then that such sum in addition thereto, but not beyond the limit fixed, as the trustees deem necessary, shall be included in the tax levy. The poll tax, hence, is used for a governmental purpose, and to fail to include it in the tax levy, and thus fail in its collection, is but to increase correspondingly the burden of taxation borne by taxable property, real and personal. It is the taxpayer's right to have the assessment roll prepared in accordance with the statute, and that all requirements be complied with. It is his right to be burdened with that only which is his just proportion of the taxation necessary after all sources of tax revenue fairly contemplated in the statute have been included therein. While an accidental, immaterial omission in the roll should not and will not render it invalid, a material omission, seemingly intentional, on the part of the officers—one depriving the taxpayer of the right of having all subjects of taxation included in the roll—is jurisdictional, and vitiates the whole proceedings. The use of the expression "intentional omission" is fully justified, for it was shown on the trial, and not denied by the defendants, that the attention of the assessing officers was called to the fact of their omissions in completing the assessment roll, and of their duty in that regard, by Mr. Van Alstine, a former attorney for the village.

The failure to publish the notice in both papers published within the village is not, in my judgment, fatal. Notice was given, and it does not appear that because of that failure alone an opportunity of being heard was denied to any taxpayer desiring to be heard on grievance day. A meeting was called; the day, hours, and place being fixed when the taxpayer could be heard. But the meeting fixed for, though for three hours only, while the statute calls for "four consecutive hours" (Village Law, § 105, p. 402), was never in fact held, and the failure to hold the meeting is a jurisdictional defect, and vitiates the proceedings. People v. Turner, 117 N. Y. 234, 22 N. E. 1022, 15 Am. St. Rep. 498. The notice was that the meeting would be held "at the corporation rooms, between the hours of one and four o'clock in the afternoon" on the third Tuesday of May. None of the assessors were present during those hours, and the corporation rooms were closed. No meeting was then held, notwithstanding the notice states that the meeting was "for the purpose of completing such assessment roll, and of hearing and determining complaints in relation thereto on the application of any person conceiving himself aggrieved thereby"; and the plaintiff did not have that which was her constitutional right—an opportunity to be heard. Judgment for the plaintiff, with costs against the defendants who were the assessing officers.

Judgment for plaintiff, with costs against defendants who were assessing officers.