(68 Misc. Rep. 541.)

JOSEPH FAHYS & CO. v. VAUGHN,. Collector of Taxes.

(Supreme Court, Special Term, Suffolk County. August, 1910.)

1. TAXATION (§ 652*)—ASSESSMENT—SUFFICIENCY OF DESCRIPTION—INJUNCTION.

Where an assessment roll sufficiently describes property for its identification, and the owner makes no objection to the sufficiency of the description on grievance day, when he appears and objects to the assessment on other ground, the collection of the tax will not be enjoined for insufficiency.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1324–1331; Dec. Dig. § 652.*]

2. TAXATION (§ 421*)—ASSESSMENT—SUFFICIENCY OF DESCRIPTION.

Where property is not assessed by the acre, the omission of the number of acres in the description thereof in the assessment roll is not important, where the description is sufficient for practical purposes.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 720–735; Dec. Dig. § 421.*]

3. TAXATION (§ 477*)—ASSESSMENT—HEARING OF GRIEVANCES—NOTICE.

Where the assessor's notice of hearing of grievances was published in two newspapers for the full period required, and was publicly posted in the village, but the notice in the third paper began two days later than the date set by law, the notice was not invalidated, in the absence of a showing that any taxpayer failed to obtain notice of the time and place of the hearing.

· [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 850, 851; Dec. Dig. § 477.*]

4. TAXATION (§ 477*)—ASSESSMENT—NOTICE OF COMPLETION OF ASSESSMENT ROLL—SUFFICIENCY OF PUBLICATION.

Where notice of the completion of an assessment roll was published at least once in the official paper of the village, and was publicly posted, the tax was not invalidated by failure to publish notice of the completion of the roll in other papers; such omission merely leaving unlimited the time within which aggrieved persons might sue out certiorari to review the action of the assessors.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 850, 851; Dec. Dig. § 477.*]

5. TAXATION (§ 652*)—COLLECTION—INJUNCTION.

Public policy forbids that the collection of public revenue shall be restrained on the grounds of illegality, or even unconstitutionality, unless in case of fraud or under some recognized head of equity.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1324–1331; Dec. Dig. § 652.*]

6. TAXATION (§ 652*)—COLLECTION—INJUNCTION.

Laws 1881, c. 531, now General Municipal Law (Consol. Laws, c. 24) § 51, providing for the prosecution of officers for illegal acts, does not authorize. an injunction against mere irregularities of taxation, without fraud, corruption, or waste amounting to bad faith.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1324–1331; Dec. Dig. § 652.*]

Action by Joseph Fahys & Co. against William T. Vaughn, Collector of Taxes for the Village of Sag Harbor. On motion to make permanent an injunction restraining defendant from collecting and receiving taxes under the tax levy of 1910. Temporary injunction vacated.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Joseph M. Belford, for the motion.
John R. Vunk, opposed.

PUTNAM, J.    Plaintiff, a domestic corporation, as a local tax-payer, brings this suit in equity to enjoin the collection of the tax assessment made upon the 12th day of July, 1910.    The complaint avers: (a) Defects in the assessment roll, in that the property assessed is not sufficiently described, in that the land is not properly described so that it can be located, and the quantity of land not properly stated;    (b) illegal acts of the assessors, in that they did not give required notice of the meeting to complete the assessment roll and of the time for hearing complaints in relation thereto, and did not give the required notice of the completion and filing of the assessment roll with the village clerk; and, lastly, that the collector did not give legal notice of the time and place where he would sit to receive the taxes.

It does not appear from the complaint, or affidavits, that the description of the property is insufficient to identify it.    Furthermore, it is shown that, at a meeting held on June 7th to hear complaints in relation to the assessments, plaintiff, by its counsel, appeared before the board of assessors and made complaint in relation to the assessment of its properties.    Not only was the plaintiff able to identify the properties assessed, but no complaint appears to have been then made as to the mode of assessment, or that the properties were not sufficiently described, or that the quantity of land was not stated.    In Cone v. Lauer, 131 App. Div. 193, 115 N. Y. Supp. 644, Mr. Justice Jaycox said:

"The description from the assessment roll was read to the plaintiff, and he identified it as his property.    A description sufficient to enable him to do this answers the very purpose for which, under the statute, it is inserted."

Inasmuch as the manufacturing property of plaintiff is not assessed by the acre, the omission of the number of acres is not important, since the description in the assessment roll appears to be sufficient for practical purposes. Allter v. Village of St. Johnsville, 130 App. Div. 297, 114 N. Y. Supp. 355;    People ex rel. West Shore R. Co. v. Adams, 10 N. Y. Supp. 295.[1]

Sag Harbor has three newspapers.    It appears that the assessors' notice of hearing was published in two papers for the full period required, and was publicly posted in the village; but the notice in the third paper began two days later than the date set by law.    This did not invalidate the notice, in the absence of an allegation that any taxpayer failed to obtain notice of the time and place of the hearing. Trumbull v. Palmer, 42 Misc. Rep. 628, 87 N. Y. Supp. 614, Maddox, J.; Austen v. Westchester Telephone Co., 8 Misc. Rep. 11, 28 N. Y. Supp. 77.

Notice of the completion of the assessment roll was published at least once in the official paper of said village and was publicly posted. The tax was not invalidated by the failure to publish notice of the

[1] Reported in full in the New York Supplement; reported as a memorandum decision, without opinion, in 56 Hun, 645.

completion of the assessment roll in other papers. Even in case of an entire failure to publish such notice, the tax would not thereby be rendered void; but it is held that such omission would leave unlimited the time within which aggrieved parties might sue out certiorari to review the act of the assessors. Clark v. Smith, 31 Misc. Rep. 490, 65 N. Y. Supp. 646.

It does not appear that the collector's notice was insufficient. A copy of it was shown to have been published in two papers, and also posted, and no specific defect therein has been pointed out. Even if some of the informalities urged were of greater weight, yet it is well settled in New York that equity will not interfere to restrain the collection of the tax, where the grievance assigned does not relate to some question of fraud or illegal discrimination. Mercantile National Bank v. Mayor, 172 N. Y. 35, 64 N. E. 756; Trumbull v. Palmer, 104 App. Div. 51, 93 N. Y. Supp. 349.

Plaintiff, however, brings this suit under a taxpayer's act, chapter 531 of the Laws of 1881 (now section 51 of the general municipal law [Consol. Laws, c. 24]). An examination of this statute and the authorities under it fails to show that the court has given injunctive relief against mere illegalities of taxation, without fraud, corruption, or waste amounting to bad faith. Public policy forbids that the collection of public revenue shall be restrained on the grounds of illegality, or even unconstitutionality, unless in case of fraud or under some recognized head of equity. United Lines Telegraph Co. v. Grant, 137 N. Y. 7, 32 N. E. 1005; Postal Telegraph Cable Co. v. Grant, 11 N. Y. Supp. 323;[2] D. & H. Canal Co. v. Atkins, 121 N. Y. 246, 24 N. E. 319. Where the courts have interfered to restrain a tax levy, it was not for errors of the kind here alleged, but where in the levy itself are included improper claims which constitute fraudulent, unjust, or excessive demands against such municipal corporation. Squire v. Preston, 82 Hun, 88.

The temporary injunction of July 29th is therefore vacated, with costs.

Temporary injunction vacated, with costs.

[2] Reported in full in the New York Supplement; reported as a memorandum decision, without opinion, in 58 Hun, 603.